REBECCA JERNIGAN v. BLACKMAN JERNIGAN.

(Filed 17 September, 1919.)

1. **Judgments—Regular—Course and Practice of Court—Motions—Statutes.**

In a suit to set aside certain deeds alleged to be void and to declare plaintiff the owner of the title to lands, a judgment by default is regularly entered when the defendant has failed to file an answer within the statutory time, and the summons has been duly served. Rev., sec. 556(4).

2. **Judgments —Motions—Neglect—Notice—Statutes—One Year—Computation of Time.**

The defendant in an action is fixed with notice, at the time of service of summons, that a judgment by default may be taken against him for failure to answer in the due course and practice of the courts, but not of the fact that such judgment has been entered until the day of its rendi-

tion. Hence a motion to set aside such judgment for mistake, surprise, and excusable neglect is made within the statutory time if within one year from the date such judgment was rendered (Rev., sec. 513), the provisions of Rev., sec. 573, as to judgments, etc., relating to the first day of the term of court at which they were rendered, not applying in such cases.

APPEAL by defendant from *Kerr, J.*, at February Term, 1919, of HARNETT.

*E. F. Young and R. W. Winston for plaintiff.*
*C. L. Guy and Clifford & Townsend for defendant.*

CLARK, C. J. This was a proceeding to set aside a judgment by default final on the ground of irregularity and excusable neglect. The action was to declare certain deeds void and the plaintiff the owner of the lands in fee simple. The complaint was duly verified and filed 3 July, 1916, and judgment by default final entered at September Term, no answer having been filed. The summons was issued returnable to the May Term, and was served on 11 May, 1916. The judgment by default final was regular. Rev., 556(4); *Junge v. MacKnight,* 137 N. C., 285; *Stelges v. Simmons,* 170 N. C., 44; *Lee v. McCracken, ib.,* 576. Had it been irregular the court could have set it aside at any time. *Becton v. Dunn,* 137 N. C., 559. The court declined also to set it aside on the ground of excusable neglect because it held that the motion was not made within one year as provided by Rev., 513.

Section 513 provides: "The judge shall, upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, verdict or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect, and may supply an omission in any proceeding."

The judgment here sought to be set aside was rendered on 17 September, 1916, at the term of Harnett court which began on 3 September. The motion to set aside for excusable neglect was entered on 4 September, 1917, at the term which began 2 September. The court was of opinion that as judgments related back to the first day of the term that the motion entered 4 September, 1917, at September Term, which began 2 September, was not within the one year after the entry of a judgment rendered at September Term, 1916, which term began 3 September.

The defendant's counsel with some pertinency suggests that if the judgment entered 16 September, 1916, related back to 3 September, the first day of that term, then the motion which was entered on 4 September, 1917, should relate back also to 2 September, the first day of that

term, and that the fiction that all proceedings should date back to the first day of the term should apply to the motion to set aside the judgment equally as to the judgment itself.

But we do not think that Rev., 573, which provides that "All judgments rendered in any county by the Superior Court thereof during a term of the court, and docketed during the same term or within ten days thereafter, shall be held and deemed to have been rendered and docketed on the first day of said term" applies to motions to set aside judgments for excusable neglect.

Revisal, 573, originated in Rule XVIII of the Supreme Court, 63 N. C., 676, in 1869, to prevent an unseemly contest as to priority of judgments and of docketing where the judgments were all obtained at the same term. *McKinney v. Street,* 165 N. C., 515; *Fowle v. McLean,* 168 N. C., 540; *Hardware Co. v. Holt,* 173 N. C., 311. To prevent such scramble where the defendants might be in failing circumstances and the priority of judgment by one day, or even by hours or minutes, though taken at the same term, might give priority of lien, this rule was adopted and was afterwards made statutory. That section is entitled "Judgments—Docketed and indexed—all of same term as of first day."

Originally when a judgment was taken it could not be set aside on motion after the adjournment of the term for excusable neglect or mistake when the judgment was taken in regular course. *Moore v. Hinnant,* 90 N. C., 164; 23 Cyc., 902. The remedy on allegation of fraud in taking the judgment is still by independent action. *Carter v. Rountree,* 109 N. C., 29, and citations thereto in Anno. Ed. To prevent such defect of justice Rev., 513, was enacted. This provides that such motion to "relieve a party from judgment, order, verdict or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect" may be made "at any time within one year after notice thereof." This statute does not deal with the priority of lien, as contemplated by Rev., 573, acquired by the docketing of a judgment.

Parties to an action are fixed with notice of all judgments and orders taken in a cause during the term of the court (*University v. Lassiter,* 83 N. C., 38, often cited), but they cannot have notice of the judgment until it is rendered, and there is no provision of the law nor any legal fiction which provides that notice of the judgment taken shall relate back to the first day of the term.

Revisal, 513, provides that the motion to set aside this judgment can be made at any time within one year "after notice thereof." The defendant was fixed with notice of this judgment, having been served with summons, from the day it was taken, i. e., on 16 September. In all other cases (as for instance when he has been made a party to a pending action without notice) he has one year from *actual* notice. *McLean v.*

*McLean,* 84 N. C., 370. The motion to set aside was entered on 4 September, 1917, and being within one year of the entry of judgment was within the time allowed by the statute.

The merits of the motion have not been passed upon and are not before us. The order refusing the motion must be set aside that the merits of the motion may be passed upon.

Reversed.