## CHARLESTON.

DAVE ROLLINS *et al.* *v.* NORTH RIVER INSURANCE COMPANY

(No. 6526)

Submitted September 18, 1929. Decided September 24, 1929.

*Morton & Snyder,* for plaintiff in error.
*Robert H. C. Kay,* for defendants in error.

HATCHER, JUDGE:

The plaintiff instituted an action on April 25, 1928, against defendant, a foreign corporation, in the court of common pleas of Kanawha County. Service of process was accepted by the state auditor. A trial was had on June 27, 1928, and no appearance being made by defendant, the jury found for the plaintiff for $672.00, and the court entered judgment for that amount. On July 12, 1928, a later day of the same term, defendant appeared and moved the court to set aside the judgment, the main ground being that it did not receive a copy of the summons and had no knowledge of the suit until after judgment was rendered. Filed in support of the motion are affidavits of (1) W. E. White, in charge of the insurance department in the auditor's office, who says that the records show that a copy of the summons was sent defendant by registered mail, and that an acknowledgement of receipt was requested by his office, but that none was received; and (2) H. J. Wyatt, vice-president of defendant, who says that he has charge of all correspondence from the auditor of West Virginia, and that the summons was never received by his office; that defendant had no knowledge of the suit until after judgment had been rendered against it; and that it has a good defense.

The court of common pleas refused to set aside its judgment, and the circuit court upheld that finding.

A judgment by default, such as the one here, may be set aside during the term at which it is rendered if "good cause be shown therefor". Code, Chapter 125, section 47. To constitute a good cause, under the statute, it must be shown that the appearance of the defendant was prevented by "fraud, accident, mistake, surprise or some other adventitious circumstance beyond the control of the party and free from neglect on his part." *Post* v. *Carr,* 42 W. Va. 72; *Gainer* v. *Smith,* 101 W. Va. 314. The affidavits of Wyatt and White are undisputed so far as they relate to the summons, and no reason appears for doubting them. It is common knowledge

that the practice of the postal representatives, upon request, is to return to the sender an acknowledgment of the delivery of a registered letter. White says that a receipt was requested for the registered summons herein, but that none was ever received. His statement, in connection with that of Wyatt, sufficiently establishes defendant's claim that it did not receive the summons. The loss of the summons in the mail was a circumstance entirely beyond the control of the defendant and was occasioned by no neglect on its part. That circumstance was adventitious in that it was unusual and unexpected. See Bouvier's Law Dictionary and Wharton's Law Lexicon. Suppose a person upon whom a summons has been served is immediately stricken with amnesia, which continues until after judgment is rendered against him. Would any court hesitate to vacate the judgment upon motion seasonably made? While the statute makes the acceptance of the summons herein by the auditor notice to the defendant, nevertheless the defendant was in reality as ignorant of the pendency of this suit as would have been one suffering from amnesia. Therefore, the circumstance presented by defendant is clearly within the judicial designation of good cause. No reason appears why the judgment should not be set aside under this showing. As was well said of a similar motion, "A trial of the motion in this case is not apt to result in injustice to either party, whereas the refusal to re-open the case might result in great injustice to the defendant." *Jennings* v. *Wiles,* 82 W. Va. 572, 579. It has been further declared to be as much the duty of the court to set aside a default judgment upon proof of good cause, as it was his duty in the first instance to enter the judgment. *Willson* v. *Ice,* 78 W. Va. 672, 679.

The ruling of the lower court is, therefore, reversed and the judgment against the defendant is set aside. This conclusion renders unnecessary a discussion of other points of error.

*Reversed.*