ANNIE A. EVERETT v. R. D. JOHNSON ET AL.

(Filed 7 May, 1941.)

**1. Judgments § 17d—Finding held insufficient to warrant conclusion that defendants had notice of hearing on referee's report.**

By consent it was agreed by the parties that the hearing on the report of the referee, filed in the cause, and on defendants' exceptions thereto, might be had out of term and outside the district. Thereafter the court set the place and date of the hearing upon condition that plaintiff's counsel notify defendants' counsel. Defendants' counsel were not present at the hearing and judgment was entered in favor of plaintiff. Upon

defendants' motion to set aside the judgment, the court found that one of plaintiff's attorneys saw one of defendants' attorneys on the street and verbally notified him, but that through some oversight, lapse of memory or misunderstanding, defendants' attorney failed to notify defendants or their other attorneys. *Held:* The finding that through some misunderstanding defendants' attorney failed to notify defendants or their other attorneys, considered in connection with the attorney's affidavit that he had no recollection of being notified and denying notice, is insufficient to warrant the conclusion that defendants had notice, since if the attorney did not understand the time and place of the hearing, he had no notice of it.

**2. Judgments § 22g—**

An irregular judgment is one entered contrary to the usual course and practice of the court, and will be vacated upon proper showing of irregularity and merit.

**3. Same—**

A judgment confirming the referee's report and overruling defendants' exceptions thereto, which exceptions constitute a sufficient showing of merit, entered out of the county and out of the district without notice or opportunity to defendants to be heard, is contrary to usual course and practice and should be set aside for irregularity upon defendants' motion aptly made.

APPEAL by defendants from *Bone, J.,* in Chambers at Nashville, 12 December, 1940. From ONSLOW.

Civil actions in trespass to restrain cutting of timber, consolidated and tried together under order of reference; exceptions by defendants to report of referee; judgment overruling exceptions signed by special judge out of the district and out of the county; motion to vacate judgment for irregularity, surprise and excusable neglect; motion overruled, and from this order the defendants appeal.

*George W. Phillips, John D. Warlick, and Bailey, Lassiter & Wyatt for plaintiff, appellee.*

*Summersill & Summersill, A. McL. Graham, and Isaac C. Wright for defendants, appellants.*

STACY, C. J. At the April Term, 1940, Onslow Superior Court, Hamilton, Special Judge, presiding, these consolidated causes came on for hearing on the report of the referee and exceptions filed thereto by the defendants. By consent of all the parties it was agreed that Judge Hamilton might determine the matter at such time and place outside the county and district "as might be convenient for said presiding judge and for counsel representing the parties."

Thereafter, counsel for plaintiff saw Judge Hamilton at his home in Morehead City and he set the hearing for 17 July, 1940, at Burgaw, in

Pender County, "upon condition that attorneys for plaintiff would notify attorneys for defendants that the hearing had been set for that time."

It is found as a fact that on the following day "G. W. Phillips, one of plaintiff's attorneys, saw E. W. Summersill, one of the attorneys representing all of the defendants, on the street in Jacksonville, N. C., and notified him verbally that Judge Hamilton had set the hearing as aforesaid and the said E. W. Summersill caused said G. W. Phillips to understand that the date would be satisfactory; that through some oversight, lapse of memory, or misunderstanding, the said E. W. Summersill failed to notify the defendants and their other attorneys of said hearing, and consequently none of them attended the same."

The plaintiff and her counsel appeared at the time and place designated, and judgment was rendered in her favor. The defendants made no appearance at the hearing in Burgaw, and were not apprised of the judgment until some time thereafter when they immediately moved to have it set aside.

It is readily conceded that the judgment should be set aside for irregularity, if in fact counsel for the defendants had no notice of the time and place of the hearing. We think the finding is insufficient to warrant the conclusion that they had such notice. Note, the finding is that "through some . . . misunderstanding . . . Summersill failed to notify the defendants," etc. It follows that if he did not understand the time and place of the hearing, he had no notice of it.

The finding is to be considered in the light of the affidavit of E. W. Summersill in which he says: "Affiant has talked with opposing counsel, and they claim that Mr. Phillips notified affiant on the street, when he was eating an ice cream cone, that they were going to present the matter before Judge Hamilton in Burgaw. Affiant has no recollection of it whatever, and did not notify Mr. Wright, or any of the defendants, and denies same."

An irregular judgment is one entered contrary to the usual course and practice of the court, *Dail v. Hawkins,* 211 N. C., 283, 189 S. E., 774; *Carter v. Rountree,* 109 N. C., 29, 13 S. E., 716, and will be vacated on proper showing of irregularity and merit. *Groves v. Ware,* 182 N. C., 553, 109 S. E., 568; *Hood v. Stewart,* 209 N. C., 424, 184 S. E., 36. The exceptions filed by the defendants to the report of the referee constitute sufficient showing of merit to entitle them to be heard. *Sutherland v. McLean,* 199 N. C., 345, 154 S. E., 662.

It was said in *Wilson v. Allsbrook,* 205 N. C., 597, 172 S. E., 217, that a supplemental report of a referee made without additional hearing or notice to the parties was irregular. *A fortiori,* a final judgment confirming the report of a referee and overruling defendants' exceptions

thereto, entered out of the county and out of the district and without notice or opportunity to the defendants to be heard, is contrary to the usual course and practice in such cases, and will be set aside on motion duly made. *Anderson v. McRae,* 211 N. C., 197, 189 S. E., 639; *Bisanar v. Suttlemyre,* 193 N. C., 711, 138 S. E., 1.

Error and remanded.