MARYLAND CASUALTY CO. v.
RICKENBAKER et al.
No. 5296.

Circuit Court of Appeals, Fourth Circuit.

Dec. 15, 1944.

R. Beverley Herbert, of Columbia, S. C. (Herbert & Dial and Geo. L. Dial, Jr., all of Columbia, S. C., on the brief), for appellant.

John F. Williams and John E. Stansfield, both of Aiken, S. C. (Williams & Busbee, of Aiken, S. C., and Charles B. Elliott, of Columbia, S. C., on the brief), for appellees.

Before PARKER and SOPER, Circuit Judges, and HARRY E. WATKINS, District Judge.

SOPER, Circuit Judge.

This action is based on an insurance policy of the Maryland Casualty Company which insured A. W. Layton against liability for damages for bodily injury sustained by any person and caused by accident in the use of an automobile covered by the policy. C. P. Rickenbaker recovered a judgment in the state court for $2591 against Layton and against Frank Smith, an employee of Layton, for injuries sustained while riding in the car when it was in charge of Smith; and an execution on the judgment was returned nulla bona. The pending suit was then brought in the state court by Rickenbaker against Layton, Smith and the Casualty Company to collect the amount of the judgment. Layton filed an answer and a cross action against the Casualty Company for the amount of the judgment and also for $500, the amount of the fee paid an attorney for defending the prior

action in the state court. The pending case was then removed to the federal court.

The Casualty Company admitted that it had issued a policy of insurance to Layton covering the car, but claimed that a rider or endorsement on the policy expressly excluded liability for injuries sustained by any person while in the vehicle. The accident took place on January 15, 1940, and the policy issued by the Casualty Company became effective, according to its terms, on and after December 31, 1939. It was designed to take the place of a prior policy issued by the Casualty Company to Layton on May 20, 1939, for the period of a year, which did not contain the exclusion above mentioned. The old policy was to be cancelled when the new policy became effective; and the Casualty Company set up the defense that the cancellation had actually taken place and the new policy had become effective before the accident occurred.

■ This was the situation when the case came on for trial before the District Judge without a jury. At the outset of the trial, in order to comply with a request of the court to narrow the issues, the parties entered into a stipulation that the Casualty Company on May 20, 1939, issued a policy of insurance covering the automobile involved in the accident and that the policy was to continue for one year unless sooner cancelled, and that the Casualty Company would be liable in the pending suit if this policy was actually in force on January 15, 1940, when Rickenbaker was injured. The attention of the parties was thus centered on the issue of cancellation as they proceeded to trial. The evidence on the point was conflicting but the District Judge reached the conclusion that the old policy was in force when the accident occurred. There was substantial and persuasive testimony to support this conclusion and we need not review it, for a finding of fact by a District Judge in an action tried without a jury should not be set aside under Rule 52(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, unless it is clearly erroneous, and in any view of the testimony it cannot be said that there was clear error in this instance. After making this finding, the judge rendered judgment for the plaintiff for the amount claimed.

If there were nothing else in the case, the judgment would be affirmed as a matter of course. But a new element was introduced toward the end of the hearing when the evidence on the issue of cancellation had been completed on both sides. The plaintiff Rickenbaker then called the defendant Smith to the stand and he testified that on the day of the accident he had employed Rickenbaker to show him the way to the places of business of prospective customers of Layton, and that Rickenbaker was injured while riding in the automobile and engaged upon Layton's business. The Casualty Company then produced Layton as a witness who testified that he had authorized Smith to employ others to assist him in his work. Thereupon the Casualty Company moved the court for permission to amend its answer so as to show that Rickenbaker was engaged as an employee of Layton upon the latter's business at the time of his injury, and also to show that both policies of insurance excluded from coverage all employees while engaged in the business of the insured.

The judge denied this motion for two reasons: (1) because the Casualty Company had entered into the stipulation above described and (2) because no evidence had been offered that the policy of May 20, 1939, excluded employees of the insured from coverage. In this connection the judge found that when the attorneys of the defendant made the stipulation and entered upon the trial of the case they did not actually know that the injured man was an employee of the insured at the time of the accident; but the judge also found that they would have known of this relation if they had exercised due care because they interviewed Rickenbaker, Layton and Smith soon after the accident and were furnished a copy of the complaint in the suit of Rickenbaker against Layton and Smith from which the attorneys might have inferred that Rickenbaker was working for Layton when injured in the car. The court concluded that if the attorneys had exercised proper care in preparing the case, they would have known that Rickenbaker was an employee of Layton and could have offered the alternative defense that even under the first policy, the Casualty Company was not liable.

■ These observations of the judge are not without foundation; and as a motion to amend the pleadings and introduce additional evidence during the course of a trial is a matter addressed to the sound discretion of the judge, his ruling here

would be conclusive were it not for the fact that it may result in manifest injustice and impose a liability upon the Casualty Company which it did not assume in its contract. It is true that stipulations of attorneys made during a trial may not be disregarded or set aside at will and that attorneys should not be allowed to embarrass or inconvenience the court or injure the opposing litigant by the careless preparation of a case or by failure to raise relevant issues at the outset of a trial. In this instance, however, the neglect of the attorneys was not without some palliation. they did not participate in the trial of the first case for they were advised by the Casualty Company that the policy on which the injured man relied had been cancelled before the accident, and there was documentary evidence to support this view. Moreover, the pleadings in the pending case contained no reference to Rickenbaker's employment. Finally, the policy of May 20, 1939, was not produced at the trial because Layton had lost it, a fact of little importance so long as the contest under the stipulation was confined to the issue of cancellation.

The more important question for the court's consideration, at the time that the motion to amend was made, was the effect which it would have, if granted, upon the rights of the parties and the proper disposition of the business of the court. It does not appear to us that any substantial injury would have been done to the opponents of the Casualty Company or that any substantial inconvenience would have been suffered by the court, if the motion to amend and take additional evidence had been granted. It would have been necessary only to prepare and file an amendment to the answer of the Casualty Company and to afford it an opportunity to produce a copy of the lost policy for the inspection of the court. If the policy in fact contained the clause excluding liability for injuries to employees of the insured, the case could have been disposed of without further expense or delay. Even if no copy of the policy was immediately available, no substantial inconvenience to the parties would have resulted because all the evidence on the question of cancellation and Rickenbaker's employment had been taken and no jury was in attendance. The case could have been submitted to the court after argument on the issue of cancellation, with leave, if necessary, to produce a copy of the policy at some later convenient time.

The spirit in which a motion to amend pleadings should be approached is illustrated by Rule 15(a) of the Rules of Civil Procedure which provides that leave to file amended and supplemental pleadings shall be freely given when justice so requires. A like spirit pervades Rule 16 in respect to pre-trial procedure which is designed amongst other things to secure a simplification of the issues and to obtain admissions which will avoid unnecessary proof. The court is directed to make an order which recites the action taken at the conference, the amendments allowed to the pleadings and the agreements made by the parties as to any of the matters considered, and such order, when entered, controls the subsequent course of the action "unless modified at the trial to prevent manifest injustice." Strictly speaking, there was no pre-trial conference in the case at bar unless the interchange between court and counsel at the beginning of the hearing, which resulted in the stipulation confining the issue to the cancellation of the first policy, may be so considered. In any event, it is obvious that a stipulation of counsel originally designed to expedite the trial should not be rigidly adhered to when it becomes apparent that it may inflict a manifest injustice upon one of the contracting parties. Such, we think, was the situation in the case at bar; and the importance of avoiding such a result greatly outweighs the relatively slight inconvenience to which the parties and the court might have been subjected if the motion of the Casualty Company had been granted.

The judgment of the District Court will be reversed, and the case remanded for a new trial at which the court will be free to find whether or not Rickenbaker was an employee of the insured and whether or not there was any liability under the policy of May 20, 1939.

Reversed and remanded.