## HUNTINGTON CAB CO. v. AMERICAN FIDELITY & CASUALTY CO., Inc.

### No. 271.

District Court, S. D. West Virginia.

Sept. 19, 1945.

E. A. Marshall and Jackson N. Huddleston, both of Huntington, W. Va. (Fitzpatrick, Strickling & Marshall, of Huntington, W. Va., on the brief), for plaintiff.

John E. Jenkins, of Huntington, W. Va., for defendant.

WATKINS, District Judge.

Plaintiff instituted this action on August 8, 1944, against the defendant, a foreign corporation. Service of process and complaint was made upon the state auditor, appointed by defendant pursuant to law to accept process for such corporation. The defendant failed to answer or otherwise plead, and on August 30 the clerk made an entry of default, and, at the request of plaintiff, entered a default judgment against defendant on September 20 for $3,013.73 plus interest and costs. On October 9, a later day of the same term of court, the defendant appeared specially and moved the court to set aside the entry of default and default judgment, and to dismiss or quash the service of summons and complaint. The grounds assigned were (1) that the auditor did not mail the summons and complaint to it by "registered mail," and did not mail the same to "the address last furnished by it," as required by West Virginia Code, Section 3083 (Art. 1, Ch. 31, Sec. 71), and (2) that it did not receive a copy of the summons or complaint, and had no knowledge of the suit until after default judgment had been entered, and (3) that it has a good defense to such action, but that default judgment has been entered against it through surprise. In support of its motion defendant has filed the affidavit of (1) Nell G. Harless, an employe of the auditor's office in charge of records pertaining to service of process upon foreign corporations, to the effect that she mailed the letter containing the summons and complaint to defendant by ordinary mail instead of registered mail; that she also enclosed in such letter a request for acknowledgment of receipt of summons and complaint, but that no acknowledgment has ever been received from defendant; (2) affidavit of J. H. Osterman, chief claim examiner for defendant at its home office in Richmond, Va., who super-

vises all incoming mail pertaining to claims, to the effect that no such letter was ever received by defendant, and that the first notice that defendant had of this suit was on September 30, after judgment had been entered; and (3) affidavit of O. I. Shapland, secretary of defendant company and in charge of the files and records at the home office, to the effect that such files and records do not show receipt by it of such summons and complaint; that she has not received or seen the same, and that the first notice the home office had of such suit was on September 30; and (4) affidavit of John E. Jenkins, attorney for defendant company in Huntington, W. Va., to the effect that he first learned of said suit on September 29, when he was advised by the Charleston, W. Va. office of defendant company that they were informed on September 28, by E. A. Marshall, attorney for plaintiff, that default judgment had been entered on September 20; that defendant has a good defense to such action and is not liable to plaintiff in any amount of money; that the complaint and exhibits therewith show that the claim is founded upon personal injuries sustained as the result of a wilful and malicious assault and battery, and that said claim is not within the coverage of the insurance policy sued upon.

No counter affidavits were offered by plaintiff. Permission was given plaintiff to cross-examine Nell G. Harless and O. I. Shapland. Harlan Justice, Deputy Insurance Commissioner in the auditor's office, was called as a witness for plaintiff and his affidavit was filed by defendant. There seems to be little dispute in the evidence and the facts seem clear to this court.

The plaintiff operates a fleet of taxicabs in Huntington, W. Va. Pursuant to requirements of West Virginia law, it carried a public liability and property damage insurance policy, which policy was with defendant insurance company. One McCallister brought suit in the state court against the plaintiff for damages which he claims were caused by an employe of the plaintiff while he was a passenger in one of plaintiff's cabs. The insurance company claimed that the injury was not within the coverage of the policy and refused to defend the suit. McCallister recovered a judgment of $2600 and costs, which the cab company paid, and then instituted this action against the insurance company to recover the judgment, attorney fees and costs. Service of process was made upon

the auditor, who is the statutory attorney in fact in West Virginia for the defendant, a foreign corporation. The defendant company began to do business in 1926 and then gave its address to the auditor as 602 Times-Dispatch Building, Post Office Box 503, Richmond, Va. Thereafter the name of the building was changed to Tenth Street Building, and for the past several years has been known as the Insurance Building. For the past fifteen years or more the defendant's post office address has been Box 2119. On October 5, 1943 the auditor wrote defendant a letter addressed to American Fidelity & Casualty Co., Inc., 601-4 Times-Dispatch Building, Richmond, Virginia, and asked if the corporate name was correct. This letter was received and returned with the reply "The above is correct." The defendant is required to make and has made annual reports to the Auditor of West Virginia, in which is shown any changes in address. The last of these reports was received by the auditor's office about February 25, 1944, about five months before this suit was instituted. In this report, as well as the reports for two or three years preceding, the home office address of defendant was given as Insurance Building, Richmond, Virginia, and the mail address as Box 2119, Richmond, Va. Despite this notice no change was ever made in the address as originally entered in 1926 in the auditor's book used for accepting service of process. Consequently the summons and complaint were placed in a letter and mailed by the auditor's office to Times-Dispatch Building, Richmond, Va. Instead of sending the letter by registered mail as required by West Virginia statute, the auditor's office sent it by ordinary mail. The letter contained a return address but it was never returned. The letter contained a request that the insurance company acknowledge receipt of the summons and complaint. No such acknowledgment was ever received by the auditor.

Section 3083, West Virginia Code, 1943, provides, in part, as follows:

"The auditor of this State is hereby constituted the attorney in fact for and on behalf of every stock corporation created by virtue of the laws of this S ate and of every foreign corporation doing business herein, with authority to accept service of notice and process on behalf of and upon whom service of notice and process may be made in this State for and upon every

such corporation. No act of such corporation appointing the auditor such attorney in fact shall be necessary. Immediately after being served with or accepting any such process or notice, the auditor shall make and file in his office a copy of such process or notice, with a note thereon indorsed of the time of service, or acceptance, as the case may be, and transmit such process, or notice, by registered mail to such corporation at the address last furnished by it, as required by law."

This evidence makes it clear that the summons and complaint were never received by the defendant. There would be no reasonable motive and there could be nothing gained by the defendant in ignoring these papers had they been received. Employes in charge of the mail have stated that they were not received and no reason appears to doubt their statements. There was no negligence on the part of the defendant. It could have done nothing to avoid this situation. It says that it has a good defense on the merits, and asks only that it be given an opportunity to be heard. There can be no injustice to either party by a full hearing and a decision upon the merits. If the judgment was permitted to stand there might be a great injustice to the defendant. The loss of the papers in the mail was a circumstance entirely beyond defendant's control.

■ Rule 55(c) of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that for good cause shown the court may set aside a default, and Rule 60(b) provides, that "on motion the court, upon such terms as are just, may relieve a party or his legal representative from a judgment, order, or proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect." It would seem that such rule was designed to take care of just this situation. The courts have given this rule a liberal construction, always trying, where possible, to see that cases are decided on their merits. Any doubt should be resolved in favor of the application to set aside the judgment to the end of securing a trial upon the merits. Moore's Federal Practice, Vol. 3, page 3283. See Maryland Casualty Company v. Rickenbaker et al., 4 Cir., 146 F.2d 751, 753, where Judge Soper, writing the opinion, held that certain rulings of the District Court would be conclusive "were it not for the fact that it may result in manifest injustice and impose a liability upon the

Casualty Company which it did not assume in its contract." See also Fiske v. Buder, 8 Cir., 125 F.2d 841.

The West Virginia cases are to the same effect. In Rollins et al. v. North River Ins. Co., 107 W.Va. 602, 149 S.E. 838, the facts were very similar, except there the auditor did send the process by registered mail but it was not received by the company. The judgment was set aside to permit a trial on the merits.

Plaintiff here urges that the failure to send the papers by registered mail and the failure to send them to such corporation "at the address last furnished by it" * * * can make no difference in this case. It is common knowledge that when a letter is registered, the addressee must sign to receive it, and this is true even though a return receipt is not requested. Had this letter been sent by registered mail, the receipt could be verified, or the failure to deliver would have been reported to the sender by the Post Office Department.

As was pointed out in Rollins et al. v. North River Ins. Co., supra, service upon the auditor is sufficient to give the court jurisdiction to render a valid judgment against the defendant. Nevertheless, where it appears that the defendant did not in fact have any knowledge of the pending suit, and had no opportunity to defend because of no fault on its part, the judgment should be set aside and the case tried on its merits. An order may be entered setting aside the entry of default and the default judgment. The motion to quash the service of summons and complaint will be denied, and defendant given twenty days from entry of such order in which to answer or otherwise plead to the complaint.