H. W. RUSSELL, AS ANCILLARY ADMINISTRATOR IN THE STATE OF NORTH CAROLINA OF LINDA GALE EUBANKS, DECEASED, v. JOHN H. EDNEY.

(Filed 5 March, 1947.)

**Judgments § 27g—**

A nonresident served by publication is entitled to an order setting aside a judgment by default and inquiry, G. S., 1-212, upon good cause shown, within one year after rendition of the judgment or notice thereof, and such notice means actual notice, and therefore evidence disclosing that defendant did not have actual notice of the pendency of the action is sufficient to support the trial court's finding that he had no notice thereof. G. S., 1-108.

APPEAL by plaintiff from *Gwyn, J.,* 26 November, 1946. From POLK. Affirmed.

*Carlisle, Brown & Carlisle and M. R. McCown for plaintiff, appellant.*
*M. M. Redden for defendant, appellee.*

DEVIN, J. This case comes to us upon the plaintiff's appeal from an order of the judge below setting aside a judgment in the cause theretofore rendered in favor of plaintiff by default and inquiry. G. S., 1-212.

The ruling appealed from was based upon the finding by the court that the defendant was a nonresident of this State, that he was not personally served with process, that he had no notice of the institution and pendency of the action, and that he had a meritorious defense. The motion to vacate the judgment was filed within a few days after its rendition and immediately upon defendant's learning of the action.

The only exception noted by plaintiff appellant was to the finding that defendant did not have notice of the action, and that his neglect, if any, was excusable. Plaintiff's contention that the defendant had notice of the pendency of the action in Polk County, North Carolina, was based upon a letter written by plaintiff's counsel, residing in Spar-

tanburg, South Carolina, to Mr. C. T. Graydon, an attorney residing in Columbia, South Carolina, who had appeared for Edney in another action for the same cause in South Carolina, in which it was stated, "An attachment proceeding has been begun against Mr. Edney in North Carolina upon the same cause of action." It was not stated when or in what county in North Carolina the action had been instituted, and no other communication or information was given. Mr. Graydon replied to plaintiff's counsel that he would not represent Edney outside the State of South Carolina. He informed Edney of the letter he had received and advised him if any papers were served on him to bring them to him and he would tell him what to do. No papers were served on defendant or notice of any kind given him. Defendant "is practically illiterate and cannot read except plain print." It seems, however, that Edney, who owned some property in Henderson County, North Carolina, did go to that county and was informed no suit had been brought against him there.

The facts found were sufficient to warrant the conclusion that defendant had no notice of the pendency of the action, and to support the order setting aside the default judgment and permitting defendant to answer. The statute, G. S., 1-108, allows a nonresident against whom summons has been served by publication, upon good cause shown, to defend after judgment, or at any time within one year after notice thereof, and within five years after its rendition, and the notice referred to in the statute in such case means actual notice. *McLean v. McLean*, 84 N. C., 366; *Bank v. Palmer*, 153 N. C., 501, 69 S. E., 507; *Jernigan v. Jernigan*, 178 N. C., 84, 100 S. E., 184; *Foster v. Allison Corporation*, 191 N. C., 166, 131 S. E., 648.

The legal right to defend may not be lost from failure to answer unless due to neglect arising after actual notice of the proceedings. *Bank v. Palmer, supra.*

The ruling by the court below that under the facts found the default judgment should be set aside and defendant allowed to answer must be

Affirmed.