LOTTIE B. TOWNSEND v. CAROLINA COACH COMPANY, A CORPORATION.

(Filed 9 November, 1949.)

**1. Negligence § 1—**

As a general rule, negligence of one person will not be imputed to another unless the relationship of master and servant exists between them.

**2. Judgments § 27a—**

Service of summons was had on defendant bus company by service on an employee of the lessees of a bus station who sold tickets for the bus companies using the station, G.S. 1-97 (1). The ticket saleswoman failed to notify defendant, and judgment by default final was taken against it. *Held:* The neglect of the ticket saleswoman will not be imputed to defendant, and the trial court had discretionary power to set aside the judgment upon a showing of meritorious defense. G.S. 1-220.

**3. Same: Constitutional Law § 21—**

> The intent and purpose of the statutes in regard to service of summons is to give notice and an opportunity to be heard, and where service is had upon a statutory process agent who is not in fact an agent or officer of defendant corporation, the imputation of the negligence of such process agent to the corporation so as to preclude it from moving to set aside a default judgment against it for surprise and excusable neglect would be a denial of due process of law. Fifth and Fourteenth Amendments to the Federal Constitution, Art. I, sec. 17, of the Constitution of North Carolina.

Appeal by plaintiff from *Bennett, Special Judge,* at August Term, 1949, of Cabarrus.

This case was before us at the Fall Term, 1948, on appeal from a judgment dismissing the action. Default judgment had been entered theretofore for loss of baggage and wearing apparel in the sum of $676.00. The trial judge held the plaintiff had not obtained valid service of summons on the defendant. The ruling was reversed, "without prejudice to the right of the defendant to move to set aside the judgment for excusable neglect, if so advised." See *Townsend v. Coach Co.,* 229 N.C. 523, 50 S.E. 2d 567, where the facts are fully stated.

The defendant in apt time moved to set aside the judgment, on the ground that it had been taken through the mistake, inadvertence, surprise or excusable neglect of the defendant, and set out as a meritorious defense, its contention that its liability, if any, is limited by statute to $50.00.

His Honor found the facts and held the judgment was taken through the mistake, inadvertence, surprise or excusable neglect of the defendant; that the defendant had a meritorious defense, and, for the reasons stated, set aside the judgment in his discretion.

The plaintiff appeals and assigns error.

*B. W. Blackwelder for plaintiff.*
*Arch T. Allen and E. T. Bost, Jr., for defendant.*

Denny, J. The decision on this appeal turns on whether or not the mistake, inadvertence or neglect of one who is not an officer or employee of a corporation, but a statutory agent upon whom process may be served, may be held to constitute surprise or excusable neglect within the purview of G.S. 1-220.

Where service is obtained by publication, or upon a nonresident driver of a motor vehicle, as provided in G.S. 1-105 and 1-107, the defendant against whom such service is obtained "or his representative, on application and sufficient cause shown at any time before judgment, *must be allowed to defend the action;* and, except in an action for divorce or in an action for the foreclosure of county or municipal taxes, the defendant

against whom publication is ordered, or his representative, may in like manner, upon good cause shown, be allowed to defend after judgment, or at any time within one year after notice thereof, and within five years after its rendition, on such terms as are just; and if the defense is successful and the judgment or any part thereof has been collected or otherwise enforced, such restitution may be compelled as the court directs. . . ." G.S. 1-108. *Russell v. Edney,* 227 N.C. 203, 41 S.E. 2d 505; *Moore v. Rankin,* 172 N.C. 599, 90 S.E. 759; *Page v. McDonald,* 159 N.C. 38, 74 S.E. 642; *Bank v. Palmer,* 153 N.C. 501, 69 S.E. 507.

It will also be noted that in order to obtain service on a nonresident driver of a motor vehicle, under the provisions of G.S. 1-105, the plaintiff or the Commissioner of Motor Vehicles must forthwith notify the defendant of such service and forward a copy of the process by registered mail, and the defendant's return receipt and the plaintiff's affidavit of compliance with the provisions of the statute must be filed with the summons, complaint and other papers in the cause. And the statute further provides: "The court in which the action is pending shall order such continuance as may be necessary to afford the defendant reasonable opportunity to defend the action."

Likewise, it is provided by statute, that service of process may be obtained on a corporation doing business in this State, whether incorporated under its laws or not, under certain circumstances by serving the process on the Secretary of State. However, the statute requires the Secretary of State in such cases, to mail the copy of process served on him to the president, secretary or other officer of the corporation, upon whom, if residing in the State, service could be obtained. G.S. 55-38.

Substantially the same procedure is required to obtain service of process on an insurance, bonding or surety company, admitted and authorized to do business in this State, when the process is served on the Commissioner of Insurance. G.S. 58-154.

It is provided in G.S. 1-97 (1) that service of process on a corporation may be obtained by delivering summons "to the president or other head of the corporation, secretary, cashier, treasurer, director, managing or local agent thereof." Then the statute contains this further provision: "Any person receiving or collecting money in this state for a corporation of this or any other state or government is a local agent for the purpose of this section."

The primary purpose in the enactment of the latter provision was to provide a method of service on a domestic or foreign corporation when the officers of the corporation reside at a great distance. *Townsend v. Coach Co., supra.* This being true, we do not think the mistake, inadvertence or neglect of such an agent is imputable to the corporation so as to deny relief as a matter of law, under the provisions of G.S. 1-220. We

think there is a distinction in this respect between officers and agents who represent a corporation as its officers and agents resulting from their official or contractual status and one who is an agent by operation of law. It is the general rule that unless the relation of master and servant exists, the law will not impute to a party the negligent acts of another. *Johnson v. Turner,* 319 Ill. 265, 49 N.E. 2d 297; *Jenks v. Veeder Contracting Co.,* 177 Misc. 240, 30 N.Y.S. 2d 278.

It is the intent and purpose of the law that no judgment of the character entered below, shall be taken against a defendant until after due notice has been given by service of process on such defendant as provided by law, and that such defendant shall be given a reasonable opportunity to defend the action. Here the defendant has been served with process, but given no opportunity to defend; no officer or agent, charged with the duty of defending actions against the corporation, knew of the existence of the suit until after judgment had been taken. To hold as a matter of law, that no relief could be granted in such a situation would, in our opinion, be a denial of due process of law. Const. of U. S., Fifth and Fourteenth Amendments; Const. of N. C., Art. I, Sec. 17; *Galpin v. Page,* 85 U.S. 350, 21 L. Ed. 959; *King Tonopah Mining Co. v. Lynch,* 232 Fed. 485; Process & Service by Bowers, Sec. 349, at p. 515; Harvard Law Review, Vol. 40, p. 905; Minn. Law Review, Vol. 11, p. 559. "The fundamental object of all laws relating to service of process is to give that notice which will, in the nature of things, most likely bring the attention of the corporation to commencement of the proceedings against it." 42 Am. Jur., p. 99.

The agent upon whom process was served in this case, had no contractual relationship with the defendant. She was an employee of the lessees of the Concord Bus Station and sold tickets for the defendant and other bus lines using the facilities of the station; and the lessees remitted the receipts from the sale of such tickets to the respective bus companies. Conceding she was negligent in not notifying the defendant of the service of process on her, we think his Honor was clothed with the power, under the provisions of the statute, to hold such neglect was excusable on the part of the defendant, thereby giving him the right, in his discretion, to set aside the judgment. *Rierson v. York,* 227 N.C. 575, 42 S.E. 2d 902; *Everett v. Johnson,* 219 N.C. 540, 14 S.E. 2d 520; *Skinner v. Terry,* 107 N.C. 103, 12 S.E. 118; *Rollins v. Ins. Co.,* 107 W. Va. 602, 149 S.E. 838; *Stretch v. Montezuma Min. Co.,* 29 Nev. 163, 86 Pac. 445; *Roberts v. Wilson,* 3 Cal. App. 32, 84 Pac. 216; Fletcher Cyclopedia Corp., Vol. 18, Sec. 8740, p. 465; Freeman on Judgments, Vol. 1, Sec. 250, Accident and Surprise, p. 503.

In *Skinner v. Terry, supra,* this Court said: "The statutory provision (The Code, sec. 274), (now G.S. 1-220), invoked by the defendant, pro-

vides that 'The judge . . . may also, in his discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding, taken against him through his mistake, inadvertence, surprise, or excusable neglect,' etc. This implies not simply any, but reasonable mistake, inadvertence, or excusable neglect as to, or surprise occasioned by some fact, or something that has or has not been done, of which the complaining party ought to have knowledge, and which, if he had had such knowledge, might have prevented the judgment, order or other proceeding of which he complains."

It is also said in 49 C.J.S., sec. 280 (c), at p. 503: "The surprise contemplated by the statute is some condition or situation in which a party to a cause is unexpectedly placed to his injury, without any fault or negligence of his own, which ordinary prudence could not have guarded against." *Miller v. Lee,* 52 Cal. App. 2d 10, 125 P. 2d 627.

In the case of *Rollins v. Ins. Co., supra,* service of process was accepted by the State Auditor. An employee in charge of such matters in the Auditor's office, filed an affidavit to the effect that, according to his records, copy of the summons was forwarded to the defendant by registered mail and that a return receipt was requested by his office, but that none was received. An officer of the defendant corporation filed an affidavit to the effect that he had charge of all correspondence from the Auditor of West Virginia to his company, and that the summons was never received by his office; that defendant had no knowledge of the suit until after judgment had been rendered against it; and that it had a good defense. The Court said: "The loss of the summons in the mail was a circumstance entirely beyond the control of the defendant and was occasioned by no neglect on its part. That circumstance was adventitious in that it was unusual and unexpected. . . . Suppose a person upon whom a summons has been served is immediately stricken with amnesia, which continues until after judgment is rendered against him. Would any court hesitate to vacate the judgment upon motion seasonably made? While the statute makes the acceptance of the summons herein by the auditor notice to the defendant, nevertheless the defendant was in reality as ignorant of the pendency of this suit as would have been one suffering from amnesia. Therefore, the circumstance presented by defendant is clearly within the judicial designation of good cause. No reason appears why the judgment should not be set aside under this showing."

We are not inadvertent to the principle that corporations, domestic or foreign, doing business in a state are deemed to have assented to its lawful methods of serving process. Even so, it is contemplated that the attention of some officer or agent of a corporation, whose duty it is to defend actions, will receive actual notice of its pendency before judgment is

taken. And where no such officer or agent has any notice of the pending action, until after judgment, such corporation has not had its day in court; and a day in court means an opportunity to be heard after notice to appear.

The ruling of his Honor in setting aside the judgment and permitting the defendant to file answer, is

Affirmed.