## ELLINGTON v. MILNE.
### Civ. No. 344.

United States District Court
E. D. North Carolina, Wilson Division.
May 8, 1953.

Lucas & Rand, Wilson, N. C., for plaintiff.

Smith, Leach, Anderson & Dorsett, Raleigh, N. C., for defendant.

GILLIAM, District Judge.

A motion to vacate a default entered has been made by defendant. The action was instituted in this court on January 8, 1951, and in accordance with Chapter 1, § 1–105, N.C. General Statutes, summons was served on the North Carolina Commissioner of Motor Vehicles on January 12, 1951; notice of the summons by registered mail was received by defendant on January 23, 1951.

The defendant having failed to plead, a default was entered on April 30, 1952. Within a year thereafter, to-wit on April 13, 1953, the motion to vacate was filed.

These facts appear from the complaint and affidavits filed by defendant in support of her motion: the complaint alleges damages and personal injuries resulting from the negligence of the driver of defendant's automobile sustained in a collision on April 9, 1950; on that date the defendant was protected by a liability insurance policy which had been issued by the Fireman's Fund Group through an agency at Las Vegas, Nevada; on February 10, 1953, notice was received by the legal department of the insurance carrier at Los Angeles, California, that the judgment herein had been entered; a search of the suit files of the insurer revealed no record of the action against the insured, but later the summons and complaint in the action were found in the storage files in the basement; just how it happened that the file was closed and the summons and complaint were sent to storage does not clearly appear, but neither the legal department nor any offi-

cer of the insurer had knowledge that the summons had issued until it was found in the storage files on February 10, 1953, or thereafter; a meritorious defence is available to the defendant if she is allowed to assert it, to-wit, that any damages and personal injuries sustained by the plaintiff in the collision alleged resulted solely from the careless and negligent conduct of the driver of plaintiff's automobile, and were not caused by any negligence of defendant, or her driver.

Rule 55(c) of the Rules of Civil Procedure, 28 U.S.C.A., reads: "For good cause shown the court may set aside an entry of default * * * in accordance with Rule 60(b)."

Rule 60(b): "On motion and upon such terms as are·just, the court may relieve a party * * * from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect; * * * (6) any other reason justifying relief from the operation of the judgment."

■ As plaintiff's counsel contend, "the fact that a defendant has a meritorious defence does not justify setting the judgment aside, if no good excuse for the default is shown", but where such defence is shown and there are no intervening equities, the Court should be liberal in its determination of what is a "good excuse", to the end that final disposition may be according to the merits rather than otherwise.

■ While this Court is not bound by the North Carolina law, a decision of our Supreme Court should be accorded great weight. In Townsend v. Carolina Coach Company, 231 N.C. 81, 56 S.E.2d 39, 20 A.L.R.2d 1174, our Supreme Court upheld an order vacating a default where service was had on an employee of the lessees of a bus station who sold tickets for the defendant and the employee failed to notify the defendant. It is stated in the opinion, 231 N.C. at page 84, 56 S.E.2d at page 41: "Here the defendant has been served with process, but given no opportunity to defend; no officer or agent, charged with the duty of defending actions against the cor-

poration, knew of the existence of the suit until after judgment had been taken. To hold as a matter of law, that no relief could be granted in such a situation would, in our opinion, be a denial of due process of law." Practically the same factual situation exists here. The defendant here was served, but the insurer who was obligated by contract to defend for her was given "no opportunity to defend", because "no officer or agent charged with the duty of defending actions against the (corporation) knew of the existence of the suit until after judgment had been taken." It is true, of course, that some employee must have received the communication containing the summons and complaint, and, therefore, such employee did have notice, just as the employee who sold tickets had notice in the Townsend case. Some one in the employ of the insurer was careless, no doubt, but such carelessness or indifference cannot be attributed to an officer or agent to whom had been entrusted the duty of handling litigation. It seems that the circumstances here require that relief be given upon a finding of "mistake, inadvertence, surprise, or excusable neglect."

■ The granting of relief from an entry of default is in the discretion of the Court. Tozer v. Charles A. Krause Milling Co., 3 Cir., 189 F.2d 242, 245. In this case it is said: "What is excusable neglect and what is inexcusable neglect can hardly be determined in a vacuum. * * The recent cases applying Rule 60(b) have uniformly held that it must be given a liberal construction. Matters involving large sums should not be determined by default judgments if it can reasonably be avoided."

The case under consideration differs from cases cited, in that in those cases the question presented involved the notice to and conduct of the actual defendant, while here we are concerned with the question of notice to the insurer, who must pay any judgment awarded the plaintiff. The actual defendant was guilty of no neglect, as it appears that the notice of the suit received by her was promptly forwarded to the insurer. In my view, it would be a

narrow interpretation of the rule by which relief would be afforded the actual defendant who would not be required to pay a judgment while denying relief to an insurance carrier under contract to defend and which must pay such judgment.

An order vacating the default and allowing defendant to file answer will be entered.