DAVID P. ROSE and KAY-ANN ROSE, Plaintiffs,
v.
JEFFERY SCOTT FORESTER, D.M. BOWMAN, INC., KAREN L. SHERWIN and THOMAS E. TURNER, Defendants.
No. COA09-427.
Court of Appeals of North Carolina.
Filed November 17, 2009.
This case not for publication
Leslie C. Rawls and Mauriello Law Offices, by Christopher D. Mauriello, for Plaintiffs.
Smith Moore Leatherwood LLP, by Manning A. Connors and James R. Faucher, for Defendant D.M. Bowman, Inc.
STEPHENS, Judge.

I. Procedural History and Factual Background
The facts in this case are undisputed. On 16 June 2008, Plaintiffs David P. Rose and Kay-Ann Rose filed a complaint against four named defendants: Thomas E. Turner, Karen L. Sherwin, Jeffery Scott Forester, and D.M. Bowman, Inc. ("Bowman"). The complaint alleged that on 29 July 2005, Plaintiffs' vehicle was rear-ended by a vehicle owned by Thomas E. Turner and driven by Karen L. Sherwin. The complaint further alleged that Bowman's vehicle, which was being driven by Jeffery Scott Forester, improperly changed lanes, causing Plaintiffs to slow down, leading to the subsequent collision. Prior to filing the complaint, Plaintiffs, through counsel, communicated with Crystal Wampler of Baldwin & Lyons, Inc., a third-party administrator for Bowman. Wampler informed Plaintiffs that Bowman denied any liability for the accident.
Bowman is an interstate motor carrier organized and existing under the laws of the State of Maryland. Under the rules of the Federal Motor Carrier Safety Administration, all motor carriers are required to appoint an agent in every state or jurisdiction to, from, or through which they are authorized to operate. Bowman contracts with Service of Process Agents, Inc. ("SPA") to provide it with agents in every state in which Bowman operates. William Pettit is SPA's resident agent in North Carolina and is Bowman's Registered Agent with the North Carolina Department of State.
Plaintiffs sent a copy of the complaint, along with a copy of the summons and written discovery request, by certified mail to Mr. Pettit. Although Anna Jones, a receptionist in Mr. Pettit's office, signed for the certified mail package on 23 July 2008, neither Mr. Pettit nor his paralegal, Darlene Rhoden, recall receiving the package. There is no dispute, however, that neither Mr. Pettit nor anyone in his office forwarded a copy of the summons or complaint to Bowman's headquarters. Plaintiffs did not send courtesy copies of the summons or complaint to Ms. Wampler.
Bowman did not answer the complaint. On 12 September 2008, Plaintiffs sent a motion for entry of default, along with counsel's duly executed certificate of service, to Mr. Pettit. On 15 September 2008, Plaintiffs filed the motion with the trial court and Joyce O'Neal, an Iredell County Assistant Clerk of Superior Court, entered default against Bowman. On 25 September 2008, Plaintiffs' counsel sent Mr. Pettit a copy of Plaintiffs' application for entry of judgment upon default, along with a copy of the order for entry of default, counsel's duly executed certificate of service, and a notice of hearing on the application scheduled for 3 November 2008. Plaintiffs filed the application for entry of judgment upon default with the trial court on 29 September 2008.
On 29 September 2008, Ms. Rhoden forwarded copies of the order for entry of default, application for entry of judgment upon default, and notice of hearing by UPS one-day delivery to Teresa Wagner at SPA. SPA did not receive the package. Although the shipment receipt in Mr. Pettit's possession includes tracking information and instructions regarding delivery information, no further information or explanation of what happened to the shipment was given to the trial court. Ms. Rhoden did not forward copies of the documents to Bowman's headquarters.
An evidentiary hearing was held on 3 November 2008. Plaintiffs, who traveled from their home in New York for the hearing, testified and offered documentary evidence. The trial court announced verdicts in favor of Plaintiffs, $50,000 for David Rose and $57,000 for Kay-Ann Rose, and entered judgment upon the verdicts on 6 November 2008. All named defendants were found jointly and severally liable.
Plaintiffs' counsel mailed a copy of the judgment to Bowman's headquarters and to Ms. Wampler. At no time prior to receiving the judgment was anyone at Bowman's headquarters aware that the suit had commenced.
On 24 November 2008, Bowman moved for relief from the judgment. Bowman did not move to set aside the entry of default. Bowman sought relief under Rule 60(b)(1) for excusable neglect and under Rule 60(b)(6) in the interest of justice.
After a hearing on Bowman's motion, the trial court denied the motion by order signed 15 December 2008. From the trial court's entry of default judgment and denial of its Rule 60 motion, Bowman appeals.[1]

II. Discussion

A. Motion to Dismiss
Plaintiffs filed a motion to dismiss Bowman's appeal for failure to adequately state the assignments of error, in violation of the Rules of Appellate Procedure. However, Bowman's motion to amend the record on appeal to restate the assignments of error was allowed by order of this Court entered 6 July 2009. As the restated assignments of error comply with the Rules of Appellate Procedure, Plaintiffs' motion to dismiss Bowman's appeal is denied.

B. Rule 60(b)(1) Motion
Under Rule 60(b)(1) of the North Carolina Rules of Civil Procedure, a judgment may be set aside when it is shown to the court that the judgment from which relief is sought was the result of excusable neglect. N.C. Gen. Stat. § 1A-1, Rule 60(b)(1) (2007). To justify setting aside a judgment on the ground of excusable neglect, the moving party must show (1) that the judgment rendered against him was due to his excusable neglect, and (2) that he has a meritorious defense. Thomas M. McInnis & Associates, Inc. v. Hall, 318 N.C. 421, 424, 349 S.E.2d 552, 554 (1986). "[O]rdinarily[,] the inexcusable neglect of a responsible agent will be imputed to the principal in a proceeding to set aside a judgment by default." Stephens v. Childers, 236 N.C. 348, 351, 72 S.E.2d 849, 851 (1952). "Whether neglect is `excusable' or `inexcusable' is a question of law which `depends upon what, under all the surrounding circumstances, may be reasonably expected of a party' to litigation." Anderson Trucking Serv., Inc. v. Key Way Transport, Inc., 94 N.C. App. 36, 41, 379 S.E.2d 665, 668 (1989) (quoting McInnis, 318 N.C. at 425, 349 S.E.2d at 555). Questions of law are reviewed by this Court de novo. Staton v. Brame, 136 N.C. App. 170, 174, 523 S.E.2d 424, 427 (1999).
Pursuant to N.C. Gen. Stat. § 55D-30, "each foreign corporation . . . authorized to transact business or conduct affairs in this State must continuously maintain in this State . . . [a] registered agent[.]" N.C. Gen. Stat. § 55D-30(a)(2) (2007). "Service of process, notice or demand required or permitted by law to be served on [a corporation] may be served on the registered agent . . . ." N.C. Gen. Stat. § 55D-33(a). "The sole duty of the registered agent to the [corporation] is to forward to the [corporation] at its last known address any notice, process, or demand that is served on the registered agent." N.C. Gen. Stat. § 55D-30(b) (2007).
In this case, Bowman's registered agent was Mr. Pettit. As Bowman's agent, Mr. Pettit's "sole duty" to Bowman was to forward copies of the complaint, summons, written discovery, application for entry of judgment upon default, and notice of hearing on the application for entry of judgment to Bowman's last known address. The evidence is undisputed that Mr. Pettit failed to do so. On this record, the negligence of Mr. Pettit was inexcusable and clearly imputable to Bowman. See Stephens, 236 N.C. at 351, 72 S.E.2d at 851[2] (failure of defendant's insurance company to timely hire attorney was inexcusable neglect imputable to defendant); Estate of Teel v. Darby, 129 N.C. App. 604, 611, 500 S.E.2d 759, 764 (1998) (failure of defendant's counsel and deceased insurer to answer complaint was inexcusable negligence imputable to defendant).
Defendant argues that the present case is analogous to Townsend v. Carolina Coach Co., 231 N.C. 81, 56 S.E.2d 39 (1949), wherein this Court affirmed the trial court's finding of excusable neglect. We disagree.
In Townsend, plaintiff passenger filed a personal injury and property damage action against defendant coach company. Pursuant to N.C. Gen. Stat. § 1-97(1),[3] service of process on a corporation could be obtained by delivering summons "`to the president or other head of the corporation, secretary, cashier, treasurer, director, managing or local agent thereof.'" Id. at 83, 56 S.E.2d at 41 (quoting N.C. Gen. Stat. § 1-97(1)). The statute further provided that "`[a]ny person receiving or collecting money in this state for a corporation of this or any other state or government is a local agent for the purpose of this section.'" Id. (quoting N.C. Gen. Stat. § 1-97(1)).
Plaintiff served process upon an employee of the lessees of the bus station who sold tickets for the defendant and other bus lines using the facilities of the station. The employee never notified the defendant that process had been served upon her. Although the employee was statutorily defendant's local agent, the Supreme Court affirmed the trial court's order setting aside the default judgment for excusable neglect, stating,
we do not think the mistake, inadvertence or neglect of such an agent is imputable to the corporation so as to deny relief as a matter of law . . . . We think there is a distinction in this respect between officers and agents who represent a corporation as its officers and agents resulting from their official or contractual status and one who is an agent by operation of law.
Id. at 83-84, 56 S.E.2d at 41.
Unlike the employee in Townsend who was merely the defendant's agent "by operation of law[,]" id. at 84, 56 S.E.2d at 41, in this case, Mr. Pettit is Bowman's registered agent "resulting from their. . . contractual status[.]" Id. Accordingly, contrary to Defendant's contention, Townsend supports the trial court's decision in this case to deny Defendant's Rule 60(b)(1) motion.
Bowman further argues that unlike the defendants in Stephens and Childers who had personal notice of the lawsuits against them, Bowman had no notice of the lawsuit until Plaintiffs' counsel sent a copy of the default judgment to Bowman's headquarters. However, Defendant did receive notice of the lawsuit through service upon Mr. Pettit, Defendant's registered agent for the purpose of receiving notice, and that is all the notice that Chapter 55D requires. See N.C. Gen. Stat. §§ 55D-30(b) and 33(a).
Regardless, even if a finding of excusable neglect could be made, our case law requires that Defendant demonstrate a meritorious defense before the judgment may be set aside. Kirby, 11 N.C. App. at 132, 180 S.E.2d at 410. "Entry of default against a defendant results in all allegations of plaintiff's complaint being deemed admitted against that defendant, and thereafter, defendant is prohibited from defending on the merits of the case." Estate of Teel, 129 N.C. App. at 607, 500 S.E.2d at 762.
In this case, Bowman's Motion for Relief from Judgment seeks only to "set aside the Default Judgment entered in favor of [P]laintiffs David P. Rose and Kay-Ann Rose on November 6, 2008" and does not seek to set aside the 15 September 2008 entry of default. Accordingly, Plaintiffs' allegations of negligence against Bowman are deemed admitted and Bowman "is prohibited from defending on the merits of the case." Id. Thus, Bowman cannot show that it has a meritorious defense.
As Bowman has failed to show either excusable neglect or the existence of a meritorious defense, the trial court did not err in denying Bowman's Rule 60(b)(1) motion.

C. Rule 60(b)(6) Motion
Rule 60(b)(6) of the North Carolina Rules of Civil Procedure permits relief from default judgment for "[a]ny other reason justifying relief from the operation of the judgment." N.C. Gen. Stat. § 1A-1, Rule 60(b)(6) (2007). "A default judgment may be set aside under Rule 60(b)(6) only upon a showing that (1) extraordinary circumstances were responsible for the failure to appear, and (2) justice demands that relief." Anderson Trucking Service, 94 N.C. App. at 42, 379 S.E.2d at 669 (citing Huggins v. Hallmark Enters., Inc., 84 N.C. App. 15, 24-25, 351 S.E.2d 779, 785 (1987)). The decision to grant relief under this rule is discretionary with the trial judge. Id. at 42-43, 379 S.E.2d at 669. This Court "cannot substitute what it consider[s] to be its own better judgment for a discretionary ruling of a trial court, [so] we may not overturn the judge's ruling unless it was manifestly unsupported by reason." Id. (citations and quotation marks omitted).
Bowman claims that the following three circumstances require relief from judgment under Rule 60(b)(6): (1) Plaintiffs failed to notify Ms. Wampler of the existence of the lawsuit until after default judgment was entered; (2) the record reveals no evidence why Plaintiffs served the other three defendants by publication; and (3) Bowman did not act or fail to act in a fashion that caused or contributed to its lack of notice. We find these arguments unavailing.
First, Plaintiffs had no duty to notify Ms. Wampler of the lawsuit, and the alleged "failure" of Plaintiffs to do so is not a ground that would justify relief under Rule 60(b)(6). See Kennedy v. Star, 62 N.C. App. 182, 302 S.E.2d 497 (relief from default judgment not justified under 60(b)(6) where plaintiff filed suit without notifying insurance carrier and defendant had no actual knowledge of suit), disc. review denied, 309 N.C. 321, 307 S.E.2d 164 (1983). Second, the method by which Plaintiffs notified the other three defendants of the lawsuit is irrelevant to Bowman's action or inaction in responding to the suit, and Bowman cites no legal authority to the contrary. Finally, while no corporate officer located at Bowman's headquarters acted in a fashion that caused or contributed to its lack of notice, Mr. Pettit's status as Bowman's registered agent in North Carolina compels the imputation of his neglect to Bowman, which caused the failure of notice to Bowman's officers.
Based on the undisputed facts, we conclude that the trial court did not abuse its discretion in denying Bowman's Rule 60(b)(6) motion.

D. Reasonably Foreseeable
Finally, Bowman argues that the following conclusion of law is not supported by any evidence:
The defendant Bowman's lack of actual notice of the suit was reasonably foreseeable where (1) the defendant Bowman had the option of naming a registered agent interested in the corporation's business and its legal affairs, but did not do so; and (2) the defendant Bowman further shielded itself from actual notice of pending litigation by entrusting the subsequent handling of served process to an out of State firm, with a Washington, D.C. mailing address, representing more than 2,500 other motor carriers.
However, whether Bowman's lack of actual notice of the suit was "reasonably foreseeable" is not determinative of whether relief should be granted under Rules 60(b)(1) or (6). Accordingly, we conclude that the trial court properly denied Bowman's Rule 60(b) motion notwithstanding this superfluous conclusion.
The trial court's order denying Bowman's motion for relief from judgment is affirmed.
AFFIRMED.
Judges HUNTER, JR. and BEASLEY concur.
Report per Rule 30(e).
NOTES
[1] Defendants Thomas E. Turner, Karen L. Sherwin, and Jeffery Scott Forester did not make an appearance in this matter, nor are they parties to this appeal.
[2] Stephens was decided under the former N.C. Gen. Stat. § 1-220, the precursor to Rule 60 of the Rules of Civil Procedure. However, cases interpreting former section 1-220 remain applicable. Kirby v. Asheville Contracting Co., 11 N.C. App. 128, 180 S.E.2d 407, cert. denied, 278 N.C. 701, 181 S.E.2d 602 (1971).
[3] This statute was repealed by Session Laws 1967, c. 954, s. 4 and replaced with N.C. Gen. Stat. § 1A-1, Rule 4.