[No. 3,751.]

# FRANCISCO GRAZIDAL v. DOMIREGO BASTAN-CHURE.

EXCEPTION TO ORDER.—A party desiring to present an order for review must take an exception to it, unless it is one of those which the Code declares shall be deemed to have been excepted to.

BILL OF EXCEPTIONS ON APPEAL.—On an appeal from an order setting aside a default, there must be a bill of exceptions.

APPEAL from the District Court of Seventeenth Judicial District, County of Los Angeles.

The action was for damages for the killing of a shepherd dog. The plaintiff had judgment by default, and subsequently the Court, on motion of the defendant, made an order opening the default. The appeal is from that order.

*McConnell & King*, for Appellant.

*Thorn & Ross*, for Respondent.


By the COURT:

Appeal from an order setting aside a default. The record does not contain a bill of exceptions. The six hundred and forty-seventh Section of the Code of Civil Procedure provides that the adverse party is deemed to have excepted to the verdict of the jury, the final decision of the Court or referee and certain orders enumerated in that Section. It is provided by Section 951, Code Civ. Pro. that "on an appeal from a judgment rendered on an appeal or from an order, except an order granting or refusing a new trial, the appellant must furnish the Court with a copy of the notice of appeal, the judgment or order appealed from, and of the bill of exceptions relating thereto."

It is apparent from these provisions of the code, that a party desiring to present an order for review, must take an exception to the order (except it be one of those which the code declares shall be deemed to have been excepted to),

and that a bill of exceptions must be settled and signed as provided by the code. On an appeal from the order, the transcript must contain the bill of exceptions.

Order affirmed; remittitur forthwith.