## HEILBRON et al. v. OAMPBELL, Judge.*

### No. 13,478; March 15, 1890.

#### 24 Pac. 1032.

**Prohibition—Procedure—Demurrer and Answer.**—Where respondent to petition for writ of prohibition filed a demurrer and answer, and the demurrer was overruled, and judgment absolute given against respondent on the insufficiency of his answer, when, in the absence of a motion for judgment on the pleadings, he expected that only the demurrer would be passed on, a motion to vacate the decision on the ground of surprise, and to allow an amended answer, will be granted.

S. C. Denson and A. L. Hart for petitioners.

FOX, J.—This was an application for a writ of prohibition. Upon the return of the alternative writ, the respondent

---

*For former opinion, see 3 Cal. Unrep. 204, 23 Pac. 122; for subsequent opinion, see post, p. 748, 24 Pac. 930.

demurred to the petition, and at the same time filed an answer. Argument was had upon the demurrer, but in the decision thereon, which was filed December 28, 1889, reference was made to the fact that a certain allegation in the petition and writ was not denied, and the decision is open to the construction that it was made upon the pleadings generally, and not simply upon the petition or writ, and the demurrer thereto. Although not so stated in terms, the legal effect of that decision was to overrule the demurrer, and give final judgment in favor of the petitioner. That judgment, in our opinion, was entirely correct upon the petition or writ and demurrer, as the legal effect of the latter was to admit the truth of allegations of the former. But an answer was in, the sufficiency of which was unchallenged; and there was no motion for judgment on the pleadings, putting the respondent upon notice that his answer was insufficient to constitute a defense. In the briefs filed after the argument, petitioner expressly claims that the hearing is upon respondent's demurrer only, and not upon the pleadings generally. It may well be that under these circumstances a final decision of the whole case was, in law, a surprise to the respondent. He has now, and in due time, moved the court to vacate the decision then rendered, pass upon the demurrer directly, and, if overruled, to allow him to file an amended answer in the cause, a draft of which, duly verified, he has deposited with the clerk of this court. This motion is made on affidavit, and on the ground of surprise. We think he is entitled to this relief, and to be heard upon the merits of the cause. It is therefore ordered: (1) That the judgment rendered in this cause on the twenty-eighth day of December, 1889, be, and the same is hereby, vacated and set aside; (2) that the demurrer of the respondent to the petition heretofore filed in this cause be, and the same is hereby, overruled; (3) that the amended answer of respondent, now deposited with the clerk of this court, be filed as and for his answer in the cause, and that, if not already done, a copy thereof be served upon attorneys for petitioner within ten days from the filing of this order; (4) that this cause be placed upon the bank calendar of this court for the May term, 1890, at Sacramento, for such further proceedings as the parties may then desire to take therein; (5) that, until the further order of this court in this cause, the respondent, J. B. Campbell, judge of the superior court of the state of

California in and for the county of Fresno, do absolutely desist and refrain from sitting or acting as judge in any proceeding had or to be had in the case of Charlotte F. Clark et al. v. August Heilbron.et al., now pending in said superior court, or from making any further or other order in the cause except such as may pertain to the arrangement of the calendar of his court, or such as may be agreed to by the counsel on both sides.

We concur: McFarland, J.; Sharpstein, J.; Thornton, J.

PATERSON, J., Dissenting.—I do not see how it can serve any useful purpose to hear this matter any further. The learned judge, respondent herein, naturally feels like having nothing more to do with the case, his interests and motives being questioned, and, exercising his good taste, states to this court, in his answer, ''that now that his attention is called to the fact that one of the parties to said action claims, or pretends to claim, that the land of the respondent is included within the land therein in controversy, the defendant does not intend to, and will refuse to, hear or determine any motion, or to sit or act in any proceeding whatever, therein.'' What is the use of issuing a restraining order when the judge thus positively states his determination not to act in the case? What good can arise from the trial of the other issues of fact? If the petitioners should fail to prove that respondent has any interest in the subject matter of the litigation, or in the success of either party thereto, the result would be the same. The judge would still refuse to act in the case. No doubt it would be gratifying to Judge Campbell to be given an opportunity to show that the allegations as to his interest in the case are groundless, and I wish it could be done. But he has already denied them under oath. There is no presumption against him; and it would only result in expense, annoyance and delay to investigate the question as to whether the petitioner or respondent is correct, and consume unnecessarily the time of this court.