[Civ. No. 77. Second Appellate District.—February 6, 1906.]

CHARLES ROBERTS, Respondent, v. H. M. WILSON et al., Defendants, FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Appellant.

JUDGMENT—DEFAULT—SERVICE OF SUMMONS ON AGENT OF CORPORATION—SURPRISE.—A default judgment rendered against a foreign corporation, upon a service of summons made on its business agent personally, who disregarded the service on the advice of counsel that it was of no effect, will be set aside on the ground of "surprise" of the defendant corporation, where it had no notice of the service until after the entry of the default.

ID.—ORDER REFUSING TO VACATE DEFAULT—EXCEPTION PRESUMED.— Under section 647 of the Code of Civil Procedure, as amended in 1876 (Stats. 1875-76, p. 91, c. 517), an order refusing to set aside a default, not made in the absence of the party, is deemed to have been excepted to, as "an interlocutory order or decision finally determining the rights of the parties, or some of them."

APPEAL from a judgment of the Superior Court of Los Angeles County. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Herbert J. Goudge, for Appellant.

Henry J. Stevens, H. J. Mercer, and Carlyle Wynn, for Respondent.

SMITH, J.—This is a suit on the official bond of the defendant Wilson, against him as principal and the corporation defendant as surety, for alleged false imprisonment of the plaintiff by the former. Judgment by default was entered against the defendant corporation for the sum of $1,000, the amount of the bond, leaving the suit still pending against the principal. As appears from the return on the summons, the service of summons was made on one Louis, described as "a business agent of said defendant," personally. The defendant moved to quash the return; and the motion being denied, moved the court to set aside the default and to permit him to file an answer, which was presented in court. This motion

was also denied; and the corporation defendant appeals from the judgment.

The last motion, we think, should have been granted. The only service in the case was on Louis, who, disregarded the service on the advice of counsel that it was of no effect. Whether this advice was correct, need not be considered. Nor, assuming the contrary, need we consider whether the negligence of Louis was excusable. It is sufficient that it appears without contradiction that the appellant itself had no notice of the service of summons until after the entry of the default; and as to it, therefore, the case is obviously one not "of excusable neglect" of the appellant (for there was no neglect of any kind), but of "surprise." The decision of the court seems to have been rested upon the assumption that the appellant was answerable for the neglect of its soliciting agent; but we know of no principle upon which this can be claimed. It is also claimed by the respondent that the bill of exceptions contains no exception to the order refusing to set aside the default. But assuming, for the purposes of the decision, that the order was not made in the absence of the respondent, we think it must be regarded as "an interlocutory order or decision finally determining the rights of the parties, or some of them," and that, therefore, an exception was unnecessary. (Code Civ. Proc., sec. 647.) The clause of the section cited, and also the clause, "an order or decision from which an appeal may be taken," were not contained in the original enactment, but were inserted by the amendment of 1876 (Stats. 1875-76, p. 91, c. 517), previously to which the court, on an appeal from an order made after judgment, refused to review the order for lack of an exception appearing. (*Grazidal v. Bastanchure,* 47 Cal. 167.) The amendment, we think, was intended to cure the defects of the section as originally enacted, and we think in terms, as well as in reason and intention, applies to orders of the character involved here. We have assumed for the purposes of the decision that the provisions of the act of March 17, 1899 (Stats. 1899, p. 111, c. 94), were not intended to supersede those of subdivision 2, section 411, Code of Civil Procedure; that under the latter provision service may be had on some other than the general managing agent of the company; and that in a suit against the principal and a surety on a bond judgment against the

3 Cal. App.—3

surety alone is permissible.  But we are not to be understood
as having passed on these questions.

The judgment must therefore be reversed, and the cause
remanded, with directions to the lower court to enter an or-
der that the answer of the defendant corporation be filed,
and for further proceedings; and it is so ordered.

Gray, P. J., and Allen, J., concurred.