306 So.2d 125 (1974)
James PAULINO and Ruby Paulino et al., Appellants,
v.
Grady HARDISTER et al., Appellees.
Nos. 74-45, 74-57 and 74-65.
District Court of Appeal of Florida, Second District.
December 31, 1974.
As Modified on Denial of Rehearings January 24, 1975.
*126 David A. Maney, of Gordon & Maney, Russell K. Peavyhouse, of Peavyhouse, *127 Giglio & Grant, Dennis G. Diecidue and David H. McClain, Tampa, for appellants.
John P. Griffin, of Griffin, Gillis, Stead & Farfante, Tampa, for appellees.
GRIMES, Judge.
The issue in this case is whether certain persons who were members of a class of defendants in a prior action are bound by an adverse judgment in that action when they were not individually named as defendants and were not served or otherwise formally notified of the proceedings.
On November 3, 1969, appellees filed a complaint for injunctive relief by which they sought to enforce restrictive covenants prohibiting the placing of mobile homes on a permanent basis within the boundaries of Wonderland Acres Subdivision and its First, Second and Third Additions. The property consisted of approximately 280 lots located within a portion of two sections in Hillsborough County. The complaint designated Golfland Developers, Inc., a Florida corporation, and Susan Maramon as named defendants and representatives of the defendant class. The class of defendants were further described as the "legal owners of or parties who have equitable interests in certain lots within" the subdivision and were said to have placed mobile homes on the lots "for the purpose of rental, for sale as residences and for use as residences in direct violation of the restrictive covenants attaching to said lots." The prayer for relief demanded an injunction against continued or future placing of mobile homes in the subdivision. Appellees served no notice, constructive or otherwise, upon any members of the class other than the named defendants who were served with process.
Golfland Developers, Inc. apparently had no interest in the outcome of the controversy and allowed the entry of a default against it. Susan Maramon appeared in her own behalf and defended against the action. Following a trial, the court entered an order dated December 11, 1970, requiring that "all trailers or mobile homes owned by the defendants ... and all trailers located upon lands owned, rented or leased by the defendants located within said subdivision ... are to be removed by the defendants...." Ms. Maramon filed an appeal in this court in which she argued, inter alia: (1) that the lower court erred in not granting the motion to dismiss since appellees did not allege and prove adequate representation of the class by appellant; and (2) that the court erred in granting an injunction against unknown defendants since they received no notice and had no opportunity to defend. The trial court's judgment was affirmed, per curiam, without opinion. Maraman v. Hardister, Fla.App.2d, 1971, 254 So.2d 246. Thereafter, Ms. Maramon sought and was denied certiorari by both the Florida Supreme Court, 262 So.2d 442 and the United States Supreme Court, 409 U.S. 1107, 93 S.Ct. 897, 34 L.Ed.2d 687.
After the United States Supreme Court denied certiorari, appellees served on the appellants herein a notice of hearing and motion for contempt alleging that appellants were bound by, but not in compliance with, the order of December 11, 1970. After a hearing, the lower court entered its "Order Holding Defendants In Contempt" giving appellants thirty days to remove their mobile homes or appear before the court to show cause why sentence should not be pronounced. The instant appeal is from that order.
This case presents a classic confrontation between the principles inherent in an effective class action and those applicable to constitutional due process. On the one hand, the theory of a class action contemplates that only a limited number of persons who are representative of a larger group will actually become named parties to the proceeding. On the other hand, the principle of due process requires that "the judgment in a class action will bind only those members of the class whose interests have been adequately represented by existing *128 parties to the litigation." Sam Fox Publishing Company v. United States, 1961, 366 U.S. 683, 81 S.Ct. 1309, 6 L.Ed.2d 604.
The leading case on this subject is Hansberry v. Lee, 1940, 311 U.S. 32, 61 S.Ct. 115, 85 L.Ed. 22, in which the U.S. Supreme Court stated:
"... [T]here is scope within the framework of the Constitution for holding in appropriate cases that a judgment rendered in a class suit is res judicata as to members of the class who are not formal parties to the suit. [The Constitution] does not compel state courts or legislatures to adopt any particular rule for establishing the conclusiveness of judgments in class suits; ... [T]his court is justified in saying that there has been a failure of due process only in those cases where it cannot be said that the procedure adopted, fairly insures the protection of the interests of absent parties who are to be bound by it."[1]
How can the interest of absent parties be fairly protected? The best way is by insuring that the named members of the class who are before the court adequately represent the interests of the absent members. If the named parties are adequate representatives of the class, then all of the matters decided in the suit should be res judicata because, in theory, it would then make no difference whether the absent members were there or not. The decision on those matters would be the same, and they would have lost nothing. In fact, adequacy of representation has long been a prerequisite of a valid class action in Florida. See Port Royal, Inc. v. Conboy, Fla.App.2d, 1963, 154 So.2d 734.
Consequently, there was implicit in the judgment upholding the claims against the class in the instant case a determination that Susan Maramon was an adequate representative of the other members of the class. Since this issue was decided in favor of the appellees, it would appear to be res judicata except for the fact that the appellants were not privy to the proceedings at which the adequacy of the representation was determined. In other words, if Susan Maramon wasn't an adequate representative of the class, then she was not in a position to adequately represent the class with respect to the determination of whether or not she was an adequate representative. Pursuing this line of reasoning to its ultimate conclusion would mean that judgments entered in class actions would always be subject to collateral attack on the issue of representation. Upon reflection, it seems to this court that the solution to what otherwise might be an unsolvable problem may lie in the matter of notice.
The federal courts have recognized that notice plays an important part in a class action. Rule 23(c)(2) of the Federal Rules of Civil Procedure prescribes that notice of the suit must be given to absent members of the class in certain types of class actions but not in others. The types of action in which the rule does not prescribe notice are generally those involving the close-knit type of class in which it is reasonably likely that the absent members of the class would know of the suit in any event. 3B Moore's Federal Procedure, Sec. 23.55. Yet, even in this type of action the court is permitted to require notice to be given where the interests of justice demand it.[2] As to those actions in which notice is required, the U.S. Supreme Court has recently held that the notice provisions of Rule 23 must be followed even where the expense of providing such notice may have the effect of making the cost of prosecuting *129 the suit prohibitive. Eisen v. Carlisle & Jacquelin, 1974, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732.
Obviously, the greater the extent to which notice is given to the absent members of the class the greater the likelihood that those parties appearing on behalf of the class will adequately represent the interests of the class. Unfortunately, Rule 1.220, FRCP, pertaining to class actions, says nothing about notice. Yet, if notice had been given to the absent members of the class in this suit, we would have no hesitancy in affirming the order below without further deliberation. In the absence of a controlling rule of procedure and in the hope of attempting to solve a problem apparently not heretofore considered by the Florida courts, we have elected to use this opinion as a vehicle to promulgate certain procedures which should hereafter be followed in suits against the defendant members of a class. We make the distinction between a plaintiff's class and a defendant's class advisedly because, generally speaking, where a plaintiff sues on behalf of a class, the relief sought is likely to be favorable to the rest of the class; whereas, the opposite is usually true where the suit is brought against the class.
Henceforth, when an action is brought against the members of a class of defendants, in addition to making the normal determinations which are required in a class action, the court should determine how notice of the suit may best be given to the absent members of the class, keeping in mind the practicalities of the situation. It may be that the court will conclude, as in Eisen, that nothing short of written notice to all ascertainable members is required. On the other hand, the court may decide that publication or some other kind of notice will be sufficient under the circumstances.[3] The cost of the notice shall be initially borne by the party seeking relief against the class as, indeed, it would be on the plaintiffs in any case. Cf. Eisen v. Carlisle & Jacquelin, supra. In order that the notice to the absent members may be meaningful, their timely requests for joinder as additional named parties shall be liberally granted. In this manner, the reasonable likelihood of adequate representation of absent members of the defendant class will be assured.
In those instances where an absent member of the class does not know of the pending suit in time to seek to intervene, he should not be foreclosed from attacking the court's conclusion that the named members were adequate class representatives. The vehicle for such attack would be under Rule 1.540(b) (1), FRCP. This section provides that on motion upon such terms as are just the court may relieve a party or his legal representative from a final judgment for "mistake, inadvertence, surprise or excusable neglect." While the word "surprise" as used in the rule has seldom been construed, it aptly describes a situation where a person first finds out about a class action after a judgment has been entered against the class of which he was a member.[4] If the court concludes that the named parties were adequate representatives of the class, all the other matters decided in the suit would be res judicata. If it is determined that the movant's interests were not adequately represented, he would be entitled to be relieved of the judgment.
In order to have standing, the movant under Rule 1.540(b) (1), FRCP, *130 would necessarily have to prove that he did not have actual notice of the suit in time for him to seek to intervene, and pursuant to the rule, his motion would have to be filed within one year from the date of the judgment. The one year requirement may seem harsh with respect to a person who never knew anything about the suit until more than a year after the judgment, but after all, the rule prescribes the same time limitation where equally compelling circumstances exist. Every reasonable effort must be made to give judgments finality. We think it likely that in almost every instance an absent defendant will learn about a judgment entered against him as a member of a class within one year after judgment is entered, if for no other reason than the plaintiff will probably be trying to enforce the judgment within that period of time. Again, as in many due process questions, the issue must be determined by a striking of balances based on reasonable probabilities.
We are left with having to decide to what extent, if any, these rules should apply in the instant case. Even if the response to the appellees' motion for contempt be construed as a motion for relief under Rule 1.540(b) (1), these motions would be untimely because of not being made within a year of the entry of the final judgment. The pending appeal from the judgment would not toll the time for making the motion. Seven-Up Bottling Co. of Miami v. George Const. Corp., Fla.App.3d, 1963, 153 So.2d 11. However, we are reluctant to impose this time limitation upon these appellants since they had no way of knowing of the requirements set forth in this opinion. Cf. Talavera v. Wainwright, 5th Cir.1972, 468 F.2d 1013. Therefore, we will consider their position on the merits.
In the first place we doubt if the appellants are in a position to complain of lack of notice. The record does not clearly show that any of the appellants who owned land in Wonderland Acrees during the suit have asserted that they did not have actual notice of the proceedings. Those who bought land subsequent to the judgment had constructive notice of the judgment and cannot complain. However, it is not necessary for our decision to turn on this point because we have reached the conclusion that appellants were adequately represented in the original proceeding.
At first blush, it might appear that Susan Maramon was not an adequate representative of the class. She had bought her lot only a few months before the suit was filed, and she was renting the space for two mobile homes. Yet, a study of the record reflects that she raised all of the defenses which might have been reasonably available to defeat the claims of appellees against all of the members of the class.
Ms. Maramon introduced evidence concerning the extent to which mobile homes had been previously situated throughout the subdivision, which is, presumably, the same evidence that would have been introduced by the appellants had they been joined as named parties. The trial judge was unpersuaded by that evidence, and we see no reason why he would have been any more persuaded had it been presented by the appellants themselves.
Ms. Maramon was certainly represented by competent counsel. Her interest in keeping the subdivision open for mobile homes was such that when this court affirmed, she petitioned for certiorari in the Florida Supreme Court and when that petition was denied, she unsuccessfully sought relief in the U.S. Supreme Court. We are not persuaded by the fact that Ms. Maramon always asserted that she was only representing her own interests. Whatever her interests were, the manner in which she conducted the defense was such as to make her an adequate representative of the class.
*131 In the final analysis, we believe these appellants have had their day in court, even though they were not there in person. The order is
Affirmed.
McNULTY, C.J., and OVERSTREET, MURRAY, W., Associate Judge, concur.
NOTES
[1] In that case the court permitted the judgment entered in the class action to be collaterally attacked by the absent parties because it was apparent that the named parties were not adequate representatives of the defendant class and, in fact, had stipulated to the facts upon which the claims against the class were predicated.
[2] See 58 F.R.D. 299 for a discussion of whether notice should be given in all federal class actions even though the rules do not call for it.
[3] Federal Rule 23(c)(2) specifies that the court shall "direct to the members of the class the best notice practicable under the circumstances." See 3B, Moore's Federal Procedure, Sec. 23.55 for a discussion of methods by which various federal judges have met this requirement.
[4] Federal Rule 60 and Rule 1.540, FRCP, are the progeny of a California rule of procedure. Two early California decisions best illustrate the types of circumstances in which a party is entitled to relief on the ground of surprise. Heilbron v. Campbell, 1890, 5 Cal. Unrep. 745, 23 P. 1032; Roberts v. Wilson, 1906, 3 Cal. App. 32, 84 P. 216.