PEARSON, Judge.
The defendants, American Agronomics Corporation and The American International Food Corporation, appeal a final judgment for the plaintiffs on their complaint for rescission upon the ground of fraud of a land sales contract. The plaintiffs, Joe Ann Smith and James A. Smith, her husband, entered into contracts with American Agro-nomics Corporation for the sale, maintenance and marketing of orange groves in Lee County, Florida. In February of 1974, the plaintiffs commenced this action seeking the rescission of these contracts based upon common law fraud and remedies prescribed in Section 478, et seq., Florida Statutes (1973). After the commencement of plaintiffs’ action, two actions previously commenced in the United States District Court for the Northern District of Ohio by the purchasers of similar contracts were consolidated into a class action, and the court defined the class as all persons purchasing orange groves or entering into contracts with American Agronomics Corporation since January, 1960, to the date of the suit. The plaintiffs Smith were named as included in this class. The defendants, American Agronomics Corporation and The American International Food Corporation, sought to have the Ohio court enjoin the continuance of the plaintiffs’ action in Florida. The United States District Court refused to enter an injunction. In February of 1974, the United States District Court caused a notice to be sent by certified mail to each member of the class. The plaintiffs Smith received this notice. The notice provided a simple method for class members to exclude themselves from the class by notifying the United States District Court that they did not care to be included. The Smiths took no action either to exclude themselves from the class or to participate in the case. In November of 1974, the United States District Court entered its final judgment approving a settlement between the members of the class and the defendants in that action.
The Smiths continued their Florida action and, after a trial in the circuit court, were awarded a judgment. The judgment held that the Smiths had selected their forum prior to any judgment in the Ohio action and that, therefore, they could not be bound by the class action in Ohio. The court held “that this action is not barred by the Ohio class suits, or by any orders or judgments entered therein or arising therefrom.”
The final judgment in the Ohio action, which was entered on November 29, 1974, prior to the entry of judgment in the Florida action, provided with regard to all the members of the class as follows:
“ . . . all claims which were made or could have been made against the Settling Defendants under . . . the common law and statutes of the States of Ohio, Florida, and any other State in which members of the class purchased orange groves from, or entered into contracts with, Agronomics, . . . are hereby dismissed without costs, with prejudice and on the merits, as to all members of the class, and each member of the class is forever barred from the prosecution against the Settling Defendants in the class actions of any and all settled claims.”
Thus, the question presented is whether, under Florida law, a final judgment in a United States District Court class action filed after a member of the class has begun an action in this state, but in which final judgment is entered prior to the rendition of the Florida judgment, is binding upon the plaintiffs in the Florida action. Stated another way, we must determine whether *556 or not the plaintiffs Smith who were entitled to the benefits of the United States District Court judgment are thereby barred from the completion of their own action in the State of Florida. We hold that the plaintiffs, having failed to exclude themselves from the class action, have thereby assented to the inclusion of their claim as one of those that was settled and, thereupon, have elected the benefits of that judgment. Having elected the benefits of the United States District Court judgment in the class action suit, the plaintiffs are thereby estopped to proceed in violation of that judgment to the completion of their own state action. See Federated Dept. Stores, Inc. v. Pasco, 275 So.2d 46 (Fla. 3d DCA 1973); and Costin v. Hargraves, 283 So.2d 375 (Fla. 1st DCA 1973). See also Manhattan-Ward, Inc. v. Grinnell Corporation, 490 F.2d 1183 (2d Cir. 1974); In Re Four Seasons Securities Laws Litigation, 502 F.2d 834 (10th Cir. 1974); and Paulino v. Hardister, 306 So.2d 125 (Fla. 2d DCA 1974).
Reversed
HENDRY, C. J., dissents.