VIRGLE RAY ENDSLEY v. WOLFE CAMERA SUPPLY CORPORATION D/B/A WOLFE CAMERA

No. 7926DC150

(Filed 18 December 1979)

**Rules of Civil Procedure § 60.2— setting aside judgment for "surprise"—counsel in another court**

    The trial court did not err in setting aside judgment for defendant on the ground of "surprise" pursuant to G.S. 1A-1, Rule 60(b)(1) where trial of the case began in the Mecklenburg County District Court at 4:00 p.m. and was scheduled to reconvene at 10:30 the next morning; plaintiff was not in court when the trial reconvened and judgment was entered dismissing his action with prejudice and giving judgment for defendant on its counterclaim; plaintiff's attorney was required to be in court in an adjoining county at 9:30 a.m. on the day plaintiff's case was scheduled to reconvene to enter a plea for a client; plaintiff's attorney had arranged to have his case called first at 9:30 a.m., but the judge was late, arriving a few minutes before 10:00 a.m.; plaintiff's attorney immediately disposed of his case and arrived at the Mecklenburg District court at 11:00 a.m.; and on the date plaintiff's case was to reconvene, his attorney's secretary telephoned the Clerk of Court of Mecklenburg County and advised her of the attorney's tardiness and the reason therefor.

APPEAL by defendant from *Bennett, Judge,* from order entered 17 October 1978; and from *Brown, Judge,* from order entered 15 December 1977, in District Court, MECKLENBURG County. Heard in the Court of Appeals 17 October 1979.

Plaintiff brought this action to recover payment for work performed and materials supplied pursuant to an oral contract. Defendant answered and counterclaimed, alleging failure of consideration and damages caused by failure of performance by plaintiff. Trial of the case began at 4:00 o'clock in the afternoon before Judge Saunders and was scheduled to reconvene at 10:30 the next morning. Plaintiff was not in court when the trial reconvened and in his absence, judgment was entered dismissing his action with prejudice and giving judgment for defendant for $2,500.

In apt time plaintiff filed a motion to set the judgment aside, stating the facts on which he based the motion but not the rule or legal grounds upon which he believed he was entitled to relief. In support of his motion, plaintiff alleged that his attorney was required to be in District Court in Gaston County at 9:30 A.M. on the day this trial was scheduled to reconvene at 10:30 A.M., but that at the time of recess the previous afternoon he was not aware of this conflict. Plaintiff's attorney stated that he appeared in Gaston County District Court at 9:00 A.M. to enter a plea for a client on a D.U.I. charge, that he arranged to have his case called first at 9:30 A.M., but the judge was late, arriving a few minutes before 10:00 A.M., and that he immediately disposed of his case and departed for Mecklenburg District Court, arriving at 11:00 A.M.

Plaintiff's attorney further averred that in the meantime his secretary had called the Mecklenburg County Clerk of Court to inform the court about the Gaston County conflict and that his secretary was informed by the Clerk's office that the trial judge had two matters set for 10:30 A.M. In a "supplemental motion" plaintiff alleged that his motion was made pursuant to G.S. 1A-1, Rule 60(b) and that he had a meritorious claim and defense, stating the grounds therefore. Defendant responded to plaintiff's motion and supplemental motion.

Seven months later, on 15 December 1977, hearing was held on plaintiff's Rule 60(b) motion before Judge Brown. He set the judgment aside on the grounds that plaintiff was "surprised" by the delay of the proceedings in Gaston County. He ordered the cause rescheduled for hearing, but did not set aside findings made at the original trial, leaving the weight of those findings to the discretion of the judge who would hear the case.

On 17 October 1978, Judge Bennett heard the case. Plaintiff presented testimony in his behalf and defendant presented the findings of fact entered at the first trial. Judge Bennett entered judgment for the plaintiff against the defendant in the amount of $1,125 and court costs. Defendant appeals.

*Ronald Williams for plaintiff appellee.*

*Newitt & Bruny, by Roger W. Bruny, for defendant appellant.*

WELLS, Judge.

The sole question presented on appeal is whether it was error for Judge Brown to set aside the judgment for defendant on grounds of "surprise" on the facts in this case. We find no error.

In his order of 15 December 1977, Judge Brown made careful findings of fact with respect to the events surrounding the initial trial, and then concluded as a matter of law that plaintiff was entitled to have the judgment set aside. A motion for relief under Rule 60(b) is addressed to the sound discretion of the trial court and appellate review is limited to determining whether the trial court abused its discretion. *Sink v. Easter,* 288 N.C. 183, 217 S.E. 2d 532 (1975); *Harrington v. Harrington,* 38 N.C. App. 610, 248 S.E. 2d 460 (1978); *Burwell v. Wilkerson,* 30 N.C. App. 110, 226 S.E. 2d 220 (1976).

This seems to be a matter of first impression before the courts of our State and it presents a novel question. We are guided by the statement of our Supreme Court that, "The surprise contemplated by the statute is some condition or situation in which a party to a cause is unexpectedly placed to his injury, without any fault or negligence on his own, which ordinary prudence could not have guarded against." *Townsend v. Coach Co.,* 231 N.C. 81, 85, 56 S.E. 2d 39, 42 (1949), quoting from 49 C.J.S. Judgments § 280(c), p. 503 (1947). There is no such "surprise" where a party is merely alarmed by an action taken by the court. *Crissman v. Palmer,* 225 N.C. 472, 35 S.E. 2d 422 (1945). Neither does a party's erroneous view of the law constitute a "surprise" sufficient to vacate a judgment. *Lerch v. McKinne,* 187 N.C. 419, 122 S.E. 9 (1924). Nor is a judgment given by consent of a party's attorney, allegedly without authorization, a "surprise"

within the purview of the rule. *Hairston v. Garwood,* 123 N.C. 345, 31 S.E. 653 (1898).

The parties have cited no North Carolina authority directly in point. However, Rule 60(b)(1) is identical to its Federal counterpart. Plaintiff has directed our attention to a pertinent Federal case, *Golf Association v. Park Commission,* 507 F. 2d 227 (5th Cir. 1975), which involved a similar occurrence.

In *Golf Assocation,* plaintiff's counsel alleged in support of his Rule 60(b) motion that he was prepared to present his case in the Federal District Court at 10:00 A.M., but that he had a hearing in state court at 9:30 A.M. on the same day. Although the judge in the state court action assured plaintiff's counsel that the hearing would end in time for counsel's 10:00 A.M. appearance in Federal Court, the hearing did not terminate until 10:20 A.M. and plaintiff's counsel did not arrive in the Federal court until 10:28 A.M. By this time the Federal District Court judge had entered judgment for the defendants. Plaintiff's motion under Rule 60(b) was denied by the trial court. The Fifth Circuit reversed without stating the specific subdivision of Federal Rule 60(b) under which it was holding. The Court stated:

> Rule 60(b) of the Federal Rules of Civil Procedure is a remedial provision intended to prevent injustice by allowing parties their day in court even though some technical error has occurred which would otherwise be grounds for default or dismissal. Recognizing the remedial intention of the rule, this Court has noted that it should be given a liberal construction [citation omitted]. It is generally held that even where there may be evidence in the record which would call for dismissal, any doubt should be resolved in favor of a trial on the merits [citations omitted].

507 F. 2d at 228-229.

The facts in the action *sub judice* present a stronger case for granting relief from judgment than the facts which existed in *Golf Association.* In the case at bar the court found that, prior to 10:30 A.M. on the date trial was to reconvene, the secretary to plaintiff's counsel telephoned the Clerk of Court and advised her of the attorney's tardiness and the reason therefore.

Since Federal Rule 60(b) was derived from § 473 of the California Code of Civil Procedure, the California decisions interpreting that section prior to its incorporation into the Federal Rules have some interpretative utility for the present (b)(1). 7 Moore's Federal Practice ¶ 60.22[1], p. 246 (2nd ed. 1979). A California case, *Miller v. Lee*, 52 Cal. App. 2d 10, 125 P. 2d 627 (1942), was in fact cited by our Supreme Court in *Townsend* in support of the Court's definition of "surprise" which was quoted above. 231 N.C. at 85, 56 S.E. 2d at 42. We note that relief has been granted for "surprise" where a default judgment was rendered against a foreign corporation whose local agent, on advise of counsel, ignored a summons served upon him and did not notify the corporation. *Roberts v. Wilson*, 3 Cal. App. 32, 84 P. 216 (1906). Similarly, there was a "surprise" sufficient to vacate a judgment where counsel had failed to file an amended pleading, believing that a judgment would not be given by the court at that time. *Heilbron v. Campbell*, 5 Cal. Unrep. 745, 23 P. 1032 (1890).

While the "surprise" which the trial court found in the present case may more appropriately have been labeled "mistake" or "excusable neglect", we cannot say that this "surprise" was of a fundamentally different nature than the "surprise" envisioned by our Supreme Court in *Townsend* or found by the California courts in *Roberts* or *Heilbron*. The main point is that the trial court found sufficient facts to show that there was a good excuse for the tardiness of plaintiff's counsel. *See*, 11 Wright & Miller, Federal Practice and Procedure: Civil § 2858, pp. 164-166 (1973).

In the case now before us, the action of Judge Brown allowed the trial on the merits to be completed and concluded in an orderly way. The record and evidence before Judge Brown formed a reasonable basis for his conclusion and we see no abuse of discretion.

Affirmed.

Judges ARNOLD and WEBB concur.