LOUISE HENSGEN, AND KATHRYN DOUGHERTY HENSGEN, MARK MC-
QUOWN HENSGEN AND NICHOLAS FREDRICK HENSGEN, MINORS, BY
LOUISE HENSGEN, GUARDIAN v. LOWELL HENSGEN AND LOIS THOMPSON

No. 809DC1072

(Filed 4 August 1981)

1. **Rules of Civil Procedure § 59— motion for new trial denied—findings supported by evidence**

The trial judge's findings of fact contained in its order denying defendants' motions for a new trial were supported by competent evidence where the evidence tended to show that defendants established a course of dealing by which their local counsel dealt with them and defendants dealt with their local counsel almost exclusively through an attorney in their home state; defendants were informed through counsel in their home state of both local counsel's intention to withdraw as attorney of record and the date for which trial was scheduled; one defendant had frequent conferences with counsel in her home state in April and May before the case was tried on 29 May, but she made no attempt to contact anyone other than counsel in her home state to ascertain the status of her case; and defendants did not appear when their case was called for trial.

2. **Attorneys at Law § 6— withdrawal of attorney of record—reasonable notice**

No more than adequate or reasonable notice is required for an attorney to withdraw as attorney of record; therefore, in light of the course of dealings established by defendants between counsel in their home state and local counsel, notice by local counsel to counsel in defendants' home state constituted reasonable notice to defendants.

3. **Rules of Civil Procedure § 59— motion for new trial denied—no showing of surprise**

The trial judge did not abuse his discretion in denying defendants' motions for a new trial where the evidence showed that defendants were given notice of the trial of their case and of the need to have counsel other than their attorney of record to protect their interest; defendants therefore failed to show surprise; and it was within the discretion of the trial court to determine whether defendants' neglect in not procuring other counsel or in not appearing for trial was excusable neglect. G.S. 1A-1, Rules 59 and 60.

APPEAL by defendants from *Allen, Judge*. Order entered 6 March 1980 in District Court, GRANVILLE County. Heard in the Court of Appeals 5 May 1981.

Plaintiffs instituted this action for divorce, alimony, child support and a declaration that a certain recorded deed is null and void. In the verified complaint, plaintiffs allege *inter alia* that defendants Lowell Hensgen and Lois Thompson are residents of

Nebraska, that plaintiff Louise Hensgen and defendant Lowell Hensgen were married in 1958, that defendant Lowell Hensgen and plaintiff Louise Hensgen own certain real property in Granville County as tenants by the entirety, that defendant Lowell Hensgen abandoned plaintiff Louise Hensgen in 1971, and that in 1974 defendant Lowell Hensgen executed a deed purporting to convey said real property to defendant Thompson. Defendants filed a joint answer denying the material allegations of the complaint, alleging the invalidity of the marriage between defendant Hensgen and plaintiff Louise Hensgen, and counterclaiming for a partition sale of the real property.

The case was called for trial on 29 May 1979. Plaintiffs appeared with their attorneys but defendants did not appear. Defendants' attorney of record, R. Gene Edmundson, was present and at that time the trial judge granted Edmundson's motion to withdraw as attorney of record for defendants. The trial judge then denied Edmundson's motion for a continuance and plaintiffs were allowed to proceed with their case. On 14 June 1979, the trial judge entered a judgment against defendants, granting a divorce, child support, alimony, and a lien on the real property.

On 25 June and 29 June 1979, defendants moved for a new trial or for amendment of the order pursuant to G.S. 1A-1, Rule 59 and Rule 60. At the consolidated hearing on both motions, defendants presented the testimony of defendant Thompson and Russell S. Daub, a Nebraska attorney. Thompson, a Nebraska court reporter, testified that she retained Edmundson as her attorney soon after she received the complaint in this action, and that after experiencing difficulty in contacting Edmundson, she retained Daub to be her counsel, to assist her in the matter, and to take care of matters with Edmundson. Thompson explained that the last direct contact she had with Edmundson was a letter received from him in September 1977, that she relied on the advice of Daub and kept in close contact with Daub, that prior to 29 May she was unaware that her case had been set for trial or that Edmundson intended to withdraw as attorney of record, and that she never personally received a copy of Edmundson's motion to withdraw. On cross-examination, Thompson admitted that she learned from Daub that Edmundson was contemplating withdrawing and that the trial was to be heard sometime during the term

of court beginning on 28 May, and that in preparing for trial she consulted only with Daub and never contacted Edmundson.

Daub testified that he had received a letter from Edmundson on 6 March 1977 that included a copy of Edmundson's motion to withdraw, that he had received on 20 March 1977 a document indicating that the trial would be scheduled in the term of court beginning 28 May, and that Daub had discussed each of these letters with Thompson. Daub also testified that after receiving notice of the 28 May trial date, he began settlement negotiations directly with plaintiffs' attorney and that this action was with defendant Thompson's permission. Daub testified that he received no correspondence from Edmundson, the North Carolina court system, or plaintiffs' attorneys informing Daub of a specific trial date. Although Daub's records revealed that Edmundson attempted to contact Daub by telephoning Daub's office on 25 May, Daub testified that he received no message until 30 May when he received a letter from Edmundson.

Plaintiffs presented the testimony of Gene Edmundson and various exhibits, which included the three letters from Edmundson to Daub. The letter dated 6 March 1979 stated as follows:

Dear Russell:

I am enclosing a copy of a motion allowing my withdrawal in the Hensgen and Thompson case. I am also enclosing a copy of an order which I intend to present to the Judge for his signature. If I have not heard anything from anyone in Omaha in regard to this motion, I intend to send the Judge an order for signature within ten days from the date of this letter. It is my understanding that some attorney in Raleigh, North Carolina has been contacted by Lois Thompson, but he has not contacted me. I understand that he did contact Mary Tolton, who appears for the plaintiffs in this case.

                                        Yours very truly,
                                        s/R. Gene Edmundson

The letter of 10 May 1979 reads:

Dear Russell:

The above captioned case [*Hensgen, et al. v. Hensgen and Thompson*] has been set for trial on Tuesday, May 29, in the Granville County District Court. This is the third case on the docket for that day and I am sure it will be tried.

I have called you several times but have been unable to get in touch with you.

Yours very truly,
s/R. Gene Edmundson

The letter of 30 May 1979 reads:

Dear Russell:

After several attempts to get in touch with you by telephone and attempting to get you to answer my correspondence the enclosed order was signed by C. W. Allen, Jr., presiding judge on May 29, 1979.

Yours very truly,
s/R. Gene Edmundson

Enclosed was Edmundson's order of withdrawal as attorney of record.

In its order denying defendants' motions for a new trial or for amendment of the order, the trial court made numerous findings of fact and concluded that both defendants and their Nebraska attorney had sufficient and adequate notice of both Edmundson's intent to withdraw and the date of trial of the case, so that defendants' failures to retain new local counsel, to contact the Clerk of Superior Court of Granville County concerning the status of the case prior to trial, and to appear when their case was called for trial, do not show such surprise or excusable neglect as would justify setting aside an order pursuant to either Rule 59 or 60 of the North Carolina Rules of Civil Procedure. Defendants have appealed from this order.

*Levine & Stewart, by Mary C. Tolton for plaintiffs-appellees.*

*Kirby & Wallace, by David F. Kirby for defendants-appellants.*

WELLS, Judge.

[1] Defendants first argue that the trial judge's findings of fact contained in the order are not supported by any competent evidence in the record. The findings of fact to which defendants object include findings that defendants established a course of dealing by which their local counsel, Edmundson, dealt with them, and defendants dealt with Edmundson almost exclusively through Daub, that defendants were informed through Daub of both Edmundson's intention to withdraw as attorney of record and the date for which trial was scheduled, and that Thompson had frequent conferences with Daub in April and May of 1979 but that she made no attempt to contact anyone other than Daub to ascertain the status of her case. There was plenary evidence presented at the hearing to support these findings of fact and thus such findings are binding or conclusive on this Court, even if the evidence might sustain findings to the contrary. *Moore v. Deal*, 239 N.C. 224, 228, 79 S.E. 2d 507, 510 (1954); *Fountain v. Patrick*, 44 N.C. App. 584, 585, 261 S.E. 2d 514, 515 (1980).

[2] Defendants next contend that to withdraw as attorney of record, an attorney must serve (in accordance with G.S. 1A-1, Rule 5) his client with a copy of the written motion to withdraw, and that because such notice to defendants was lacking in this case, defendants' Rule 59 and Rule 60 motions should have been granted as a matter of law. Defendants base this contention on dicta in *Smith v. Bryant*, 264 N.C. 208, 211, 141 S.E. 2d 303, 306 (1965), to the effect that "written notice served on the client would be the most satisfactory evidence" that a client received "reasonable notice" of her attorney of record's intent to withdraw. To begin with, we note that the rules governing withdrawal of counsel are set forth in Rule 16 of the General Rules of Practice for the Superior and District Courts (adopted pursuant to the provisions of G.S. 7A-34), published in Appendix I in Volume 4A of the General Statutes, and in Canon 43 of the Canons of Ethics of The North Carolina State Bar, published in Appendix VII of Volume 4A, and that the provisions of Rule 5 of the Rules of Civil Procedure are not applicable to motions of counsel to withdraw. In previous cases involving this question, our appellate courts have held that no more than "adequate" or "reasonable" notice is required. *Smith v. Bryant, supra*, at 211, 141 S.E. 2d at 306; *Perkins v. Sykes*, 233 N.C. 147, 152-53, 63 S.E.

2d 133, 137-38 (1951); *Gosnell v. Hilliard*, 205 N.C. 297, 300-301, 171 S.E. 52, 54 (1933); *Trust Co. v. Morgan-Schultheiss* and *Poston v. Morgan-Schultheiss*, 33 N.C. App. 406, 414, 235 S.E. 2d 693, 697-98, *disc. rev. denied*, 293 N.C. 258, 237 S.E. 2d 535 (1977), *cert. denied*, 439 U.S. 958, 99 S.Ct. 360, 58 L.Ed. 2d 350 (1978). *See also United States v. Maines*, 462 F. Supp. 15, 16 (E.D. Tenn. 1978). The facts found by the trial court show that attorney Edmundson provided prompt and timely notice to Daub of his intentions to withdraw, and in light of the course of dealings established by defendants between Daub and Edmundson, we hold that notice to Daub constituted reasonable notice to defendants.

[3] Defendants' final argument is that in denying defendants' Rule 59 and Rule 60 motions, Judge Allen either abused his discretion or otherwise erred. Whether considered as a Rule 59(a), Rule 60(b)(1) or 60(b)(6) motion, defendants' motion was addressed to the sound discretion of the trial judge, whose ruling, in the absence of abuse of that discretion, should not be disturbed on appeal. *See Hamlin v. Austin*, 49 N.C. App. 196, 270 S.E. 2d 558 (1980); *Endsley v. Supply Corp.*, 44 N.C. App. 308, 310, 261 S.E. 2d 36, 38 (1979); *compare Chris v. Hill*, 45 N.C. App. 287, 262 S.E. 2d 716, *app. dismissed*, 300 N.C. 371, 267 S.E. 2d 674 (1980).

The essence of defendants' argument is surprise. The evidence before the trial court showed that defendants were given both notice of the pending trial and of the need to have counsel other than Edmundson to protect their interest. It was within the discretion of the trial court to determine whether defendants' neglect in either not procuring such other counsel or in not appearing for the trial was excusable neglect. We hold there was no abuse of the trial court's discretion in denying defendants' motions.

The order denying defendants' motions must be and is

Affirmed.

Judges HEDRICK and MARTIN (H.) concur.