SAVIN CORPORATION, Plaintiff,

v.

C.M.C. CORPORATION, dba Microfilm Data Systems, et al., Defendants.

No. C83–293.

United States District Court, N.D. Ohio, E.D.

June 24, 1983.

David C. Weiner, Fred P. Schwartz, Cleveland, Ohio, for plaintiff.

M. Neal Rains, Cleveland, Ohio, for defendants.

## MEMORANDUM OPINION

DOWD, District Judge.

Before the Court is the plaintiff's motion for default judgment against the defendant, C.M.C. Corp., filed on February 25, 1983. The defendant filed a motion for relief from entry of default and in opposition to the plaintiff's motion for default judgment on March 14, 1983. For the reasons stated below, the plaintiff's motion is denied and the defendants' motion is granted.

The complaint was filed on January 19, 1983, and the defendant C.M.C. Corp. was served by certified mail on January 21, 1983. The defendant failed to respond or otherwise move timely pursuant to the Federal Rules of Civil Procedure. A default was entered by the Clerk of the Court on March 2, 1983. Plaintiff now seeks from the Court the entry of a default judgment. The defendant opposes entry of a default judgment and seeks to have the entry of default set aside. The Court, after a hearing in regard to the parties' motions, determined that the defendant would be allowed to file an answer to counts III and IV of the plaintiff's complaint and also file his counterclaim. The present opinion is limited to counts I and II of the plaintiff's complaint.

■ Rule 55(c) of the Federal Rules of Civil Procedure allows an entry of default to be set aside where "good cause" for doing so exists. Rule 55(c) provides:

> For good cause shown, the Court may set aside an entry of default and, if judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

A motion to set aside a default is addressed to the discretion of the District Court, applying a standard of liberality. *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 244 (3rd Cir.1951). Factors to be considered in determining whether or not "good cause"

exists to set aside an entry of default include the sufficiency of the defendant's excuse, whether the plaintiff would be substantially prejudiced by the removal of the default, and whether the defendant has presented a meritorious defense to the action. *In re: Arthur Treacher's Franchisee Litigation,* 92 F.R.D. 398 (E.D.Pa.1981); *Spica v. Garczynski,* 78 F.R.D. 134 (E.D.Pa. 1978).

The Sixth Circuit Court of Appeals has recently adopted the position of the Third Circuit, holding that the three factors which control the decision of a Rule 55(c) motion to set aside an entry of default include: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *United Coin Meter Co., Inc. v. Seaboard,* 705 F.2d 839 at 844 (6th Cir.1983) citing *Farnese v. Bagnasco,* 687 F.2d 761 (3rd Cir.1982). *See also, Keegel v. Key West and Caribbean Trading Co., Inc.,* 627 F.2d 372, 373 (D.C.Cir. 1980).

## I. SUFFICIENCY OF THE DEFENDANT'S EXCUSE.

■ Relief has frequently been granted under Rule 55(c) in cases involving defaults attributable to inaction on the part of the attorney representing the defaulting party. In *United Coin Meter,* the Sixth Circuit noted that "judgment by default is a drastic step which should be resorted to only in the most extreme cases [and that] [w]here default results from an honest mistake 'rather than willful misconduct, carelessness or negligence,' there is a special need to apply Rule 60(b) liberally."

In the present case, the defense attorney asserts that he failed to file a timely answer to the plaintiff's complaint for the reason that he did not believe that service of process was complete until a return of service was filed with the Clerk's Office according to Local Civil Rule 4.04 concerning service of process within the Northern District of Ohio.[1]

---

**1.** Local Civil Rule 4.04(1)(b) provides in part:

"Service pursuant to this paragraph shall not

Defense counsel in his affidavit submitted with his brief in support of relief from entry of default at paragraph 9 states:

> [a]s counsel for defendants in this matter, I failed to file the answer and counterclaim prior to February 25th because of an inability to determine the date of service, and because of a belief that under Local Rule 4.04 of this Court, as amended December 15th, 1982, no motion for default would lie until subsequent to the filing of a return of service with the Clerk's Office.

Additionally, defense counsel in his affidavit, at paragraphs three and four, indicates that he repeatedly had his docket department check with the Clerk's Office to determine if a return of service had been filed. The return of service was filed on February 25, 1983, along with the plaintiff's motion for entry of default.

Defense counsel received on January 25, 1983, a copy of the summons and complaint which had been served upon the defendant corporation on January 21, 1983. The summons issued to the defendant specifically stated that an answer be served upon David C. Weiner and Fred Schwartz within 20 days of service upon the defendant. However, due to the defense counsel's mistaken reliance upon Local Civil Rule 4.04, counsel failed to file a timely answer.

In his affidavit defense counsel asserts that he first learned of the default on February 25, 1983 when he contacted plaintiff's attorneys. Upon learning that plaintiff's attorneys had filed for entry of default, defense counsel took immediate steps to cure the default by filing the same day, February 25, 1983, a motion for leave to file an answer instanter, together with a copy of CMC's proposed answer and counterclaim.

Defaults have been set aside where a defense counsel's failure to take timely action is a result of his reliance upon the language of a summons indicating that he had a longer time in which to serve an answer than that actually allotted to him. *A.C. Samford, Inc. v. United States,* 226 F.Supp. 72 (M.D.Ga.1963). In *A.C. Samford,* at 76, the Court cited *Security Trust and Savings Bank of San Diego v. Walsh,* 91 F.2d 481 (9th Cir.1937) which held: "A mistake of the attorney as to the applicable rule limiting the time for answering is not such neglect as would warrant action depriving the litigants of their right to be heard." Additionally, the Courts have looked favorably upon the fact that defense counsel acted immediately to cure the default. *Eisler v. Stritzler,* 45 F.R.D. 27 (D.P.R.1968); *Nunn v. Reina,* 21 F.R.D. 573 (E.D. Pa.1958). Although the plaintiff asserts that defense counsel intentionally failed to file an answer as a tactical move in an attempt to delay the litigation, the Court does not find that defense counsel acted willfully.

Accordingly, the Court finds that the defendant expeditiously moved to remedy his mistake and did not act willfully or in bad faith in an attempt to delay the litigation.

## II. WHETHER THE PLAINTIFF HAS BEEN SUBSTANTIALLY PREJUDICED.

■ The plaintiffs have not alleged that they would be substantially prejudiced other than the fact that "any reopening of the case, whether prior to or following entry of judgment, involves some delay, expense, and prejudice to the other party." *Bell Telephone Laboratories, Inc. v. Hughes Aircraft Co.,* 73 F.R.D. 16, 22 (D.Del.1976).

In *United Coin Meter,* the Court held "mere delay in satisfying a plaintiff's claim if it should succeed at trial, is not sufficient prejudice to require denial of a motion to set aside a default judgment ..."

Accordingly, the Court finds that the plaintiff has not been substantially prejudiced by the defendant's failure to file a timely answer, especially in light of the fact

---

be a basis for the entry of default or a judgment by default unless the record contains a return receipt showing acceptance by the defendant or a returned envelope showing refusal of process by the defendant.

that defense counsel acted immediately upon discovery of the default.

### III. MERITORIOUS DEFENSE.

■ A number of Courts have taken the position that relief should not be afforded in the absence of a showing of a meritorious defense. The basis for this theory is that the opening of a default judgment would represent a fruitless gesture if it could not conceivably affect the outcome of the suit. *Atlantic Dredging and Construction Co. v. Nashville Bridge Co.*, 57 F.2d 519 (5th Cir. 1932). In *United Coin Meter Co.*, the Court defined a "meritorious defense." The Court stated:

> In determining whether a defaulted defendant has a meritorious defense, '[l]ikelihood of success is not the measure.' *Keegel v. Key West & Caribbean Trading Co., Inc.*, 627 F.2d at 734. Rather, if any defense relied upon states a defense good at law, then a meritorious defense has been advanced.

The defendant in its proffered answer to Counts I and II of the plaintiff's complaint asserts that the complaint fails to take into account about $80,000.00 worth of credits due the defendant corporation. Additionally, in its amended counterclaim, the defendant asserts that the plaintiff breached its agreement with the defendant (¶ 13 of defendant's amended counterclaim), that the plaintiff breached implied, and express warranties that certain copiers were merchantable (¶ 25 of defendant's amended counterclaim), and that the plaintiff has violated certain anti-trust laws in its dealings with the defendant (¶ 29 of the defendant's amended counterclaim).

The Court finds that the claims stated in the complaint and the claims stated in the counterclaim arise out of the same arrangements and transactions and that the occurrences are so closely related as to being inherently inseparable and thus, the question should be resolved at trial. The defendant's claim for breach of contract and violation of the antitrust laws arise out of the same transactions upon which the plain-

tiff's claim is grounded and, if established, would make out a meritorious defense.

Accordingly, the Court finds that the defendant has asserted a meritorious defense to the plaintiff's claims.

### IV. CONCLUSION.

In *United Coin Meter Co.*, the Court indicated its preference for trials on the merits. The Court noted:

> Trials on the merits are favored in federal courts and a "glaring abuse" of discretion is not required for reversal of the Court's refusal to relieve a party of the harsh sanction of default ... In *Rooks v. American Brass Co., supra*, 263 F.2d [166] at 169, this Court quoted with approval language from the opinion in *Tozer v. Krause Milling Co.*, 189 F.2d 242, 245 (3rd Cir.1951):
>
>> Any doubt should be resolved in favor of the petition to set aside a judgment so that cases may be decided on their merits ... since the interests of justice are best served by a trial on the merits, only after a careful study of all relevant considerations should courts refuse to open default judgments.

Upon reviewing the present case, the Court notes the overriding policy disfavoring defaults. Additionally, there is a potentially tremendous damage exposure in the present case. The plaintiff will suffer no prejudice if the default is set aside and the defendant has presented a potentially valid defense. The defendant expeditiously moved to remedy his neglect upon discovering his error. Finally, resolving all doubts in the defendant's favor, the Court finds that defense counsel did not act willfully in failing to file an answer timely.

Accordingly, the plaintiff's motion for default judgment is denied and the defendant's motion for relief from entry of default in opposition to the plaintiff's motion for default judgment is granted.

■ However, the Court finds that the plaintiff is entitled to recover from defendant reasonable costs and attorney's fees incurred in the presentation of their motion

for default judgment. *In re Arthur Treacher's* at 419; *Wilcox v. Triple D Corp.,* 78 F.R.D. 5 (E.D.Va.1978). The plaintiff may file an appropriate application for its reasonable costs and attorneys' fees.

IT IS SO ORDERED.