**Daniel LOPERENA HERNANDEZ, et al., Plaintiffs,**

v.

**Dario HERNANDEZ, et al., Defendants.**

**Civ. No. 85–0816 (HL).**

United States District Court, D. Puerto Rico.

Aug. 12, 1985.

---

Eliezer Aldarondo Ortiz, Hato Rey, P.R., for plaintiffs.

Ramirez & Ramirez, José A. Sánchez Alvarez, Edificio Tres Ríos, Hato Rey, P.R., for defendants.

## ORDER

LAFFITTE, District Judge.

Present before this Court is plaintiff's unopposed motion for reconsideration of an order entered by the Clerk filed on May 27, 1985 granting defendants' motion for an extension of time to answer the complaint or otherwise plead. The record in this case reveals that:

1. On April 15, 1985 plaintiffs filed a Section 1983 civil rights action for political discrimination against defendants Darío Hernández, Secretary of the Department of Public Works of Puerto Rico, Antonio E. Medina, Deputy Secretary, and Bolívar García, Executive Director of the Department of Public Works of Puerto Rico. Defendants are being sued in both their respective personal and official capacities. The Commonwealth and the Department of Transportation and Public Works were also made party defendants.

2. All the defendants, except the Commonwealth, were served on April 18, 1985 as shown in the return of service. A copy of the summons and complaint was also served on the Secretary of Justice of the Commonwealth through the General Litigation Division, Department of Justice.[1]

3. On May 15, 1985, plaintiffs moved for entry of default on all defendants, except the Commonwealth. The Clerk entered defendants' default on May 16, 1985. On the same date, after the time to appear and plead had elapsed, defendants' counsel entered an appearance and moved for an extension of thirty days to answer or otherwise plead.[2]

4. On May 29, 1985, the Clerk granted defendants' motion and enlarged defendants' time to plead until June 16, 1985, notwithstanding that default had already been entered as of May 16, 1985.

5. The day before, May 28, plaintiffs had filed a motion "Requesting Reconsideration of Order Granting Defendants' Extension of Time". Plaintiffs' motion prayed for the reconsideration of the Clerk's order granting an enlargement and that the default entered remain in effect.

6. On June 18, 1985, after the extension granted had already elapsed, all the defendants, except the Commonwealth, filed a joint answer to the complaint.

7. No opposition to plaintiffs' motion has been filed by defendants. Neither have they moved to set aside the default.

## DISCUSSION

It should be noted that defendants filed their first appearance and request for enlargement after the time to plead had elapsed. Having been served on April 18, the twenty-day period to file an appearance

---

1. See *Negron v. Departamento De Servicios Sociales,* 105 D.P.R. 873 (1977); *Canchani v. Corporacion Renovacion Urbana Y Vivienda,* 105 D.P.R. 352 (1976). The Court at this time intimates no view on the inclusion of the Commonwealth as a party defendant. But see *Ezratty v. Commonwealth of Puerto Rico,* 648 F.2d 770, 776 (1st Cir.1981).

2. Defendants' motion did not comply with Local Rule 311.14 in that it did not specify the expiration date of the period sought to be extended, probably because the expiration date had already passed when the motion for extension of time was filed.

was due on May 8, 1985, but the filing did not materialize until May 16, 1985. It should be further noted that defendants' default was entered on the same date that defendants filed their belated appearance. When the Clerk granted, on May 29 defendants' motion for enlargement of time, the default previously entered on May 16 was obviously overlooked.

Having unraveled this procedural entanglement the posture of this case reflects that defendants:

(1) are in default;

(2) have not been diligent in that they

(i) filed their appearance and motion for enlargement to plead beyond the twenty days allowed by Rule 12(a) of Federal Rules of Civil Procedure;

(ii) have not moved to set aside the default entered;

(iii) have neither opposed nor replied to plaintiffs' motion informing them of the default entered;

(iv) filed an answer *after* the extended period had elapsed, and

(v) have failed to give any reason for the delays beyond the original twenty day period and subsequent thirty day extension.

It may not be said that the Clerk's granting of defendants' motion for enlargement of time may have misled defendants because the procedural predicament in which defendants find themselves is of their own making or, to say it differently, self-inflicted, due to defendants' counsel inattention to the legal time limits and their lack of diligence, as manifested by the record.

 It is hornbook law that once default has been entered by the Clerk, only the Court is empowered to set it aside.[3] The Clerk's order granting defendants' motion for enlargement of time and defendants' tendering of an untimely answer could not and did not undo the effects of the default. Defendants' attorneys have had knowledge of the default at least since late May 1985.[4] However, notwithstanding the time elapsed no motion to set it aside has been forthcoming, and no opposition to plaintiff's motion, alerting the defendants of the Clerk's inadvertence, has been filed. Defendants simply have not bothered to reply and have comfortably, albeit wrongfully relied on the tendering of an untimely answer. The Court will not condone such lack of diligence, indifference and disregard of the Rules of Civil Procedure.

. Mindful, however, that the defendants should not suffer the drastic consequences of their attorneys' omissions and inaction, that an answer has been filed, and that plaintiffs have not alleged substantial prejudice, in the interest of justice and to allow a justiciable defense the Court shall entertain setting aside the entry of default, *on condition* that defendants:

(1) move the Court to set aside the default within ten days hereof, and

(2) deposit with the Clerk of this Court within said period of time, the sum of $300.00 as a sanction for their failure to comply with the time limits. This monetary sanction is to be paid by defendants attorneys and may not be billed or in any manner defrayed by defendants. Copy of this order is to be notified to defendants and to the Secretary of Justice.

IT IS SO ORDERED.

---

**3.** Rule 55(c) of the Federal Rules of Civil Procedure provides that: "For good cause shown *the Court* may set aside an entry of default..." See *Davis v. Parkhill-Goodloe Company,* 302 F.2d 489, 495 (5th Cir.1962).

**4.** See paragraph two of plaintiffs' motion filed on May 28, 1985, wherein it is asserted that "[on] May 16, 1985 default was entered against said defendants by the Clerk of the Court ..."