Dexter CURRIE, Plaintiff,

v.

Roland WOOD and James Tate, Defendants.

No. 86–504–CIV–5.

United States District Court, E.D. North Carolina, Raleigh Division.

Oct. 14, 1986.

Billie Ellerbe, Farmworkers Legal Services of N.C., Raleigh, N.C., for Dexter Currie.

Robert S. Griffith II, Newton Grove, N.C., for Roland Wood.

ORDER

JAMES C. FOX, District Judge.

This action was filed on behalf of a migrant farmworker seeking redress for violations of his rights under the Agricultural Worker Protection Act (AWPA), the Fair Labor Standards Act (FLSA), and the Occupational Safety and Health Act (OSHA). Plaintiff has obtained an entry of default against defendant Wood, who has moved to have the same set aside. Plaintiff has responded to said motion, and the matter is now ripe for disposition. The undisputed facts appear to be as follows:

This lawsuit was filed on April 24, 1986. Personal service was attempted on Wood on the following day, April 25, 1986, by certified mail, return receipt requested, restricted delivery, pursuant to Federal Rules of Civil Procedure, Rule 4(c)(2)(C)(i), and the North Carolina Rules of Civil Procedure, N.C.Gen.Stat. § 1A–1, Rule 4(j)(1)(c). Wood refused to accept such service of

process. Thereafter, on July 10, 1986, one Jim Grant, accompanied by two law students who were summer interns with the Farmworkers Legal Services, went to a shop building approximately 100 yards from Roland Wood's home for the purpose of effecting personal service on Wood. Grant approached Wood, who was standing in the doorway, and identified himself (Grant) as being a representative of the Farmworkers Legal Services of North Carolina. Grant told Wood that he had an envelope to deliver to him. Wood, without explanation, refused to accept the envelope. It is disputed as to whether or not Wood was informed as to its contents. As Wood stood nearby and watched, Grant placed the envelope, addressed to Wood and containing the summons and complaint in this action, on the seat of a nearby pickup truck presumed to be Wood's but actually one driven by Wood's employee. The owner of the pickup truck is not disclosed in the record. Grant and his companions then left the premises.

The following day, Wood's employee found the envelope and delivered it to Wood's wife.

On August 7, plaintiff obtained an entry of default against Wood, which entry of default is the subject of the motion under consideration.

Rule 55(c) of the Federal Rules of Civil Procedure provides that an entry of default may be set aside if "good cause" is shown. The determination of whether good cause has been shown by the movant is within the sound discretion of the district court. *Consolidated Masonry & Fireproofing, Inc. v. Wagman Construction Corp.*, 383 F.2d 249, 251 (4th Cir.1967); *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir.1951); *Ellington v. Milne*, 14 F.R.D. 241, 242 (E.D.N.C.1953). In exercising such discretion, the court should be liberal in its determination "to the end that final disposition may be according to the merits rather than otherwise." *Ellington v. Milne, supra*, at 242. This does not mean, however, that a court should set aside an entry of default whenever such motion is made. In determining whether to set aside a default, the court, pursuant to *Tolson v. Hodge*, 411 F.2d 123 (4th Cir. 1969), must consider the following factors: (1) the length of the delay involved (in this case 18 days); (2) the presence of gross neglect on the part of the moving party; (3) the assertion of a meritorious defense; and (4) the prejudice to the non-moving party.

In reviewing whether the excuse for a defendant's default is reasonable, the court must first determine whether or not service was in fact effected. It is, of course, certain that summons and complaint may be served on an individual by personal delivery. However, this rule has not been interpreted as requiring a face-to-face meeting with the person upon whom service is to be effected, or delivery "in hand." At least in cases where the defendant has attempted to evade service, service was found sufficient, despite a failure to manually deliver the process, where the marshal left papers on the seat of the defendant's vehicle, *Roth v. W.T. Cowan, Inc.*, 97 F.Supp. 675 (E.D.N.Y.1951), pitched the papers through a hole in the screen door of the hiding defendant's apartment, *Errion v. Connell*, 236 F.2d 447 (9th Cir.1956), or threw the documents over the defendant's fence after determining that the defendant resided at that address, photographed the papers on the defendant's lawn, and sent a copy of the papers to the defendant's address by first class mail. *International Controls Corp. v. Vesco*, 593 F.2d 166 (2d Cir.1979), *cert. denied*, 442 U.S. 941, 99 S.Ct. 2884, 61 L.Ed.2d 311. In the instant case, in view of the fact that service had previously been attempted upon Wood by certified mail, restricted delivery, which service had been refused by Wood, and the further fact that Grant identified himself as being a representative of the Farmworkers Legal Services of North Carolina, coupled with Wood's failure to explain his refusal to accept the summons and complaint, gives rise to the substantial inference that Wood knew that service was being attempted upon him, and that he intended to evade the same. Such

evasion will not be countenanced, where it is the later predicate for the evading person's attempt to secure relief from the court. The setting aside of an entry of default is somewhat equitable in nature, and in the instant situation it does not appear that the moving party has come into the court with clean hands. Accordingly, this court finds service to have been effected upon Wood on July 10, 1986.

Service having been effected, the court now addresses the question of the defendant's neglect. In this regard, the defendant offers no explanation whatsoever as to why action was not taken by him to respond to the instant litigation. Nor does he deny his awareness of its existence. In short, Wood presents no excuse for his lackadaisical attitude toward process other than his claim to have been unaware of the contents of the envelope attempted to have been served upon him by Grant, which was precluded by Wood's own conduct. Furthermore, had Wood accepted the process when it was originally attempted to be served upon him by registered mail, restricted delivery, there is no question but that he would have had ample knowledge of the existence of the litigation and the nature thereof. Accordingly, the defendant has failed to present a reasonable excuse for his default. Notwithstanding the court's finding in this regard, the court will consider whether the defendant has a meritorious defense to the merits of plaintiff's cause of action.

In order to set aside an entry of default, once the court determines the default to be excusable, the movant "must make a clear showing that the decision might be different if the case were tried on its merits." *Bell Telephone Laboratories, Inc. v. Hughes Aircraft Co.*, 73 F.R.D. 16, 21–22 (D.Del.1976). To convince a court that a valid defense exists, the defendant must produce credible factual allegations. *Pennsylvania National Bank & Trust Co. v. American Home Assurance Co.*, 87 F.R.D. 152, 155 (E.D.Pa.1980); *Consolidated Masonry & Fireproofing, Inc. v. Wag-*

*man Construction Corp.*, 383 F.2d 249 (4th Cir.1967). Although it is necessary that these facts be credible, it is not necessary that the facts be proven beyond a preponderance of the evidence. *Central Operating Co. v. Utility Workers of America, AFL–CIO*, 491 F.2d 245, 252 n. 8 (4th Cir.1974). The court in *Central Operating Co.* took the "view that a party satisfies his burden by demonstrating a meritorious defense when he introduces *uncontradicted* testimony which, if believed, establishes facts constituting a meritorious defense." *Id.* (emphasis added).

Speaking to the existence of a meritorious defense, defendant simply states:

> that I have a meritorious defense to plaintiff's action in that I have not intentionally violated any provision of the Migrant and Seasonal Farmworkers Protection Act.

In short, the defendant has not demonstrated the factual existence of any meritorious defense. Notwithstanding the foregoing, it is apparent in the instant case that the length of the delay involved (18 days), is short and of no substantial consequence. Additionally, the plaintiff has not demonstrated to the court that he was prejudiced by defendant's delay in responding to the complaint, nor has he set forth sufficient facts which would show that the setting aside of the default will prejudice plaintiff in the assertion of his claim.

Inasmuch as a "motion to set aside a default is addressed to the discretion of the District Court, applying the standard of liberality," *Savin Corp. v. CMC Corp.*, 98 F.R.D. 509, 510 (N.D.Ohio 1983), and inasmuch as the delay to the plaintiff in proceeding with the litigation will be slight and insubstantial, the court finds that the resolution of the litigation on the merits weighs in favor of setting aside the default heretofore entered. For the foregoing reasons, the default is vacated and the defendant is granted twenty (20) days from the date hereof to answer or otherwise plead.

SO ORDERED.[1]

1. While the entry of default is set aside, the court finds that the issue presented herein was

very close, and assumes that the plaintiff has
incurred considerable expense as a result of the
defendant's gross neglect as outlined above.
Defendant therefore shall pay the plaintiff his
costs and reasonable attorney's fees incurred in
effecting the Entry of Default and in opposing

defendant's motion. Plaintiff is directed to file
within ten (10) days of the date hereof a suitable
affidavit in support thereof and defendant shall
have ten (10) days thereafter within which to
respond thereto. *See Hernandez v. Hernandez,*
107 F.R.D. 102 (D.P.R.1985).